**SOUTHERN SURETY CO. v. TEXAS EMPLOYERS' INS. ASS'N et al.**
(No. 533.)

Court of Civil Appeals of Texas. Waco.
Sept. 8, 1927.

Rehearing Denied Nov. 3, 1927.

Writ of Error Refused by Supreme Court,
Feb. 1, 1928.

1. Partnership ⊕⟶1, 17—"Partnership" involves common enterprise, community of interest therein, and prosecution thereof for joint benefit, with right to share in profits; determination of relation involves question of intent, though created without definite intention.

Test of the existence of "partnership" relation is common enterprise and community of interest therein, prosecution of the same for the joint benefit of the parties, and right in each of them to share in the profits as such, and determination whether particular relation constitutes partnership involves question of intent, though partnership may be created without definite intention to do so.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Partnership.]

2. Partnership ⊕⟶20—Existence of partnership between contractor and another to whom work was turned over depended on contract between them interpreted in light of its performance.

Determination of whether relation between firm given contract to furnish and install machinery and association to whom it turned over the work were partners involved consideration of verbal contract between parties interpreted in light of performance of the same by the parties.

3. Partnership ⊕⟶5—Agreement for share in profits does not conclusively prove partnership.

Provision in contract that each of parties is to receive a specific share of net profits of undertaking is not conclusive but only presumptive evidence of partnership.

4. Partnership ⊕⟶55—Whether contracting firm and association to which it turned over actual performance and control of work under profit-sharing agreement were partners or independent contractors held issue of fact under evidence (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

In suit to set aside award under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), question whether firm which agreed to furnish and install machinery was partner of association which it procured to do the work, under agreement whereby firm was to furnish machinery and equipment and association was to have control and direction of work, hiring, controlling, and paying employees, and sharing in profits, or whether parties were independent contractors, held issue of fact under evidence; question being material to determine whether part of liability for employee's death could be assessed against firm as a partner of the association.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by the Southern Surety Company against the Texas Employers' Insurance Association and others to set aside an award of the Industrial Accident Board. From an adverse judgment, plaintiff appeals. Affirmed.

Horace C. Bishop, of Dallas, for appellant.

Lawther, Pope, Leachman & Lawther, of Dallas, for appellees.

GALLAGHER, C. J. This suit was instituted by appellant, Southern Surety Company, against appellees, Texas Employers' Insurance Association, Mrs. Sallie Valentine, and her minor child, Carlton O'Neill Valentine, to set aside a final order of the Industrial Accident Board awarding appellees Mrs. Valentine and her child compensation for the death of Oscar L. Valentine, husband of Mrs. Valentine and father of said child, and exonerating appellee Texas Employers' Insurance Association from liability. A detailed statement of the pleadings and the parties is not necessary. It is sufficient to say that the pleadings raised the issues hereinafter discussed and were sufficient to support the judgment rendered.

The Corsicana Natatorium Company entered into a written contract with Smith & Whitney, a partnership, in which, for a stipulated consideration to be paid to them, said firm agreed to furnish and install certain machinery and equipment on the property of the natatorium company. There was at the same time a verbal understanding between said firm and said natatorium company that while the contract was in the name of said firm, and while they should be held responsible therefor, said natatorium company would, if agreeable to said firm, prefer that the Connor Hudson Company, a voluntary associa-

tion operating under a trust agreement, should take from them the job of installing said machinery and equipment. Nothing was said concerning the terms and conditions upon which such work should be offered to Connor Hudson Company. In pursuance of such suggestion on the part of the natatorium company, Smith & Whitney entered into a verbal agreement with Connor Hudson Company that said firm would furnish and deliver the machinery and equipment on the ground and that Connor Hudson Company should install the same; that said firm would advance Connor Hudson Company from time to time money to pay their labor bills and that when the job was completed and the costs and expense incurred by each party paid and discharged out of the contract price, the net profit remaining should be divided between them equally. Smith & Whitney furnished the machinery and equipment and delivered the same on the ground. Connor Hudson Company then took actual and exclusive charge of the same and proceeded with the work of installation. In doing such work they were not under the control or direction of Smith & Whitney in any respect whatever, but they proceeded to perform such work according to the terms and requirements of the contract with employees of their own selection and according to their own methods. Some extra men were hired on the spot. All said employees were paid for their services by Connor Hudson Company out of their own funds. Smith & Whitney had nothing to do with the selection or employment of any of the men engaged in such work and had no authority to discharge them or any of them. Smith & Whitney were not present either in person or by representative during the performance of said work and did not exercise any supervision or control over the same. When the work of installation was completed, Smith & Whitney collected the unpaid balance of the contract price, and after paying all costs and expense incurred by each party respectively, divided the remainder thereof equally between them. Said parties also agreed that if any item of expense had been omitted by either in making said settlement, the other would bear one-half thereof. Mr. Smith testified by deposition, in substance, that it was not his purpose to enter into a partnership with Connor Hudson Company, and that he did not so understand said agreement at the time, but that he regarded Connor Hudson Company as subcontractors. There is no testimony concerning the purpose or intent of Connor Hudson Company with reference to whether in making said agreement they were to become partners with Smith & Whitney or subcontractors under them. There was affirmative testimony that there was an ample margin of profit in the contract and that no losses were contemplated. No provision for such contingency was incorporated in the agreement.

Among the men employed on the ground was said Oscar L. Valentine. He was a day laborer and was accidentally killed in the course of his employment. Connor Hudson Company were subscribers under the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) and carried a policy issued by appellant. Mr. Connor testified that the premiums on such policy were, as was customary with them in such cases, considered and treated as a part of the expense of the job, and that if Smith & Whitney had not already paid one-half of the same, they would under said settlement agreement be asked to do so. Smith & Whitney were subscribers under the provisions of said act and carried a policy issued by appellee Texas Employers' Insurance Association.

Mrs. Valentine for herself, and as guardian for her minor son, sought in the district court by proper pleadings a judgment for compensation under the terms of said act against both appellant and appellee Texas Employers' Insurance Association. Appellant alleged that Smith & Whitney and the Connor Hudson Company were partners in the execution of said contract and that Mrs. Valentine and her ward, if entitled to recover compensation at all, should recover against it and said Texas Employers' Insurance Association jointly and severally. Appellant prayed, in event of a recovery against it alone, that it have judgment over against said association for one-half of such recovery. The case was tried to the court and judgment rendered in favor of Mrs. Valentine and her ward against appellant Southern Surety Company for compensation, but denying them a recovery against said association and also denying appellant a recovery against the same. The court, at the request of appellant, filed conclusions of fact. Said findings, so far as material to the disposition of this appeal, are: (a) That Smith & Whitney sublet to Connor Hudson Company the work of installing said machinery and equipment; (b) that Connor Hudson Company were to receive from Smith & Whitney the cost of performing the labor required in making such installment; (c) that the deceased, Oscar L. Valentine, was an employee of Connor Hudson Company at the time he was killed and was not an employee of Smith & Whitney; (d) that Connor Hudson Company, so far as deceased Valentine was concerned and as between them and Smith & Whitney, were not partners with said firm, but were independent contractors. Appellant perfected an appeal to this court. Pending such appeal appellant made a full settlement with Mrs. Valentine both for herself and as guardian for her minor child, and they have both been dis-

missed from this appeal with their costs. Said settlement was made with the consent and approval of the Texas Employers' Insurance Association, now sole appellee in this cause, and without prejudice to appellant's right to have its claim for contribution determined herein.

## Opinion.

Appellant contends that the agreement between Smith & Whitney and Connor Hudson Company constituted them partners as to third parties in the execution of said contract for furnishing and installing said machinery and equipment for the natatorium company. Appellant further contends that the deceased Valentine, being admittedly an employee of Connor Hudson Company, was also in contemplation of law an employee of Smith & Whitney, and that since each of said parties carried a separate policy under the provisions of the Workmen's Compensation Act, the surviving wife and child of said Valentine had the same right to compensation from each of such insurance carriers, and that they having recovered such compensation against appellant alone, appellant was entitled to a judgment over against appellee, the other insurance carrier, for one-half of such recovery. Appellant in this connection assails the findings of fact made by the trial court as above recited, and contends that they are without support in the evidence, and contends that the facts in evidence show as a matter of law that Smith & Whitney and Connor Hudson Company were partners in the execution of said contract.

[1-4] The decision of these questions requires consideration of the relation between said parties created by the terms of their agreement, and the determination of whether such relation constituted a partnership, giving effect to their intention if possible, but having due regard for the rule that a partnership may be created without a definite intention to do so. The test of the existence of the partnership relation is a common enterprise and a community of interest therein, the prosecution of the same for the joint benefit of the parties, and a right in each of them to share in the profits thereof as such. Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S. W. 122, 124, 125, pars. 5 and 6, and authorities there cited, Ann. Cas. 1916E, 446. There is no element of estoppel in this case. The verbal contract between Smith & Whitney and the Connor Hudson Company, interpreted in the light of the performance of the same by the parties thereto, must furnish the basis for ascertaining the relation between them. There is affirmative evidence that there was no specific intention to form a partnership. There is nothing in the verbal agreement between said parties to distinguish the transaction from an ordinary case in which a general contractor sublets a specific part of the work to another for a stipulated compensation, except that the compensation which Connor Hudson Company were to receive was to be a specific share of the net profits. Such provision was not conclusive but only presumptive evidence of partnership. Roberts v. Nunn (Tex. Civ. App.) 169 S. W. 1086, 1089 (writ refused). The terms of the agreement as a whole as interpreted by the parties in the execution thereof, as hereinbefore recited, are sufficient to raise an issue of fact with reference to whether the relation actually created thereby was one of partnership or of general contractor and subcontractor. Fink v. Brown (Tex. Com. App.) 215 S. W. 847 et seq., and authorities there cited; Eddingston v. Acom (Tex. Civ. App.) 259 S. W. 948, 951, par. 2 (writ dismissed); Ogus, Rabinovich & Ogus Co. v. Foley Bros. Dry Goods Co. (Tex. Com. App.) 252 S. W. 1048, 1051; Humble Oil & Refining Co. v. Strauss (Tex. Civ. App.) 243 S. W. 528, 538; Pyron v. Brownfield (Tex. Civ. App.) 238 S. W. 725, 727. See, also, on the issue of whether Connor Hudson Company were subcontractors, Maryland Casualty Co. v. Scruggs (Tex. Civ. App.) 277 S. W. 768, 771, and authorities there cited; Texas Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131, 135, par. 8.

We have reached the conclusion that the finding of the court that the relation between said parties was not one of partnership, but that Connor Hudson Company were subcontractors under Smith & Whitney, is not without support in the evidence. This conclusion renders the determination of the other contentions presented by appellant in connection with such issue unnecessary.

The judgment of the trial court is affirmed.