Under the record no abuse of discretion is shown. Richardson v. State, 164 Tex.Cr.R. 654, 302 S.W.2d 140.

We have again reviewed the record in the light of appellant's other contentions and remain convinced that they were properly disposed of in our opinion on original submission.

The motion for rehearing is overruled.

Opinion approved by the Court.

Primitivo CAVAZOS et al., Appellants,

v.

Martin CAVAZOS, Administrator, Appellee.

No. 13647.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 14, 1960.

Rehearing Denied Oct. 12, 1960.

Ronald Smallwood, Karnes City, for appellants.

Houchins, Anderson, Smith & Null, Victoria, for appellee.

BARROW, Justice.

This is an appeal from a judgment of the District Court of Victoria County based upon a jury verdict in a suit brought by appellants, by way of certiorari under the provisions of Rule 344 et seq., Texas Rules of Civil Procedure, to revise and vacate an order of the Probate Court of said County approving an inventory, appraisement and list of claims filed by Martin Cavazos as Administrator of the Estate of Rafael Cavazos, Deceased. The plaintiffs and defendants, including Martin Cavazos the administrator, are heirs at law of said deceased.

The matter in controversy in this suit is the listing of certain personal property and certain debts by the administrator as partnership property and debts of Rafael Cavazos, deceased, and Martin Cavazos as partners, and as belonging one-half to the estate and one-half to the administrator, Martin Cavazos. The case was submitted to a jury on one special issue and the jury found that a partnership existed between Rafael Cavazos, deceased, and Martin Cavazos.

Appellants, by various points, present three main contentions. First, appellants urge that the court erred in overruling their motion for instructed verdict, because there was no evidence to show an agreement, verbal or written, between Rafael Cavazos and Martin Cavazos to be partners. That contention is overruled.

The evidence shows that from the latter part of the year 1941 until the death of Rafael Cavazos in June, 1956, he and his son, Martin Cavazos, appellee, farmed together as tenants, the Armond May property in Victoria County, under a lease agreement between them jointly as lessees and the landowner as lessor. That such

farming was the only job either of them had. That both of them had control over all operations. They jointly purchased farming equipment for the farm, as well as fuel and feed, and jointly incurred living expenses and other expenses for the farm. All these expenses were financed by loans from the Victoria Bank and Trust Company, and to secure the repayment of advances, notes and chattel mortgages on the crops and farming equipment were executed by both Rafael and Martin Cavazos and the loans were paid out of the farming operations.

The law is well settled that in order to establish a partnership a written or oral agreement is not essential. In Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S.W. 122, 125, the Supreme Court stated:

"The law recognizes that partnership is the creature of contract, but it is not essential that parties agree to become partners by name, or that their agreement be an express one. If by implied agreement they assume a relation that the law constitutes a partnership, they become partners in fact."

See Miller v. Marx, 65 Tex. 131; Stevens & Andrews v. Gainesville Nat. Bank, 62 Tex. 499; Kelley Island Lime & Transport Co. v. Masterson, 100 Tex. 38, 93 S.W. 427. The evidence supports the jury finding that a partnership existed between Rafael and Martin Cavazos.

Appellants contend that the court erred in giving, over their objection, the following definition of the term "partnership":

"By the term 'partnership' is meant a relationship between two or more persons where there is a common enterprise and a community of interest therein, a prosecution of the common enterprise for the joint benefit of the parties, and a right of each of the parties to participate to some extent in the profits as such and in obligation of

each of the parties to bear some portion of the losses, if any, sustained in the business."

Appellants' objection is based on the fact that the definition does not include the element of agreement. In connection with their objection, appellants requested that the court give in lieu thereof the following definition:

"By the term 'partnership' as used in this charge is meant a relationship between two or more persons where by agreement or contract they have combined their property, labor or skill in an enterprise or business as principals for the purpose of joint profit."

Appellants' contention is overruled. The definition given by the court is correct. It embodies all of the elements necessary to constitute a partnership. A partnership relation may be implied from the facts and circumstances. Freeman v. Huttig Sash & Door Co., supra; Browne v. Sabine Mach. & Supply Co., Tex.Civ.App., 253 S.W.2d 713; Continental Fire & Casualty Ins. Corp. v. Drummond, Tex.Civ. App., 220 S.W.2d 922; Southern Surety Co. v. Texas Employers' Ins. Ass'n, Tex.Civ. App., 2 S.W.2d 310. Moreover, appellants have not shown that the court's action has resulted in any probable injury to them. Rule 434, T.R.C.P.

Appellants also assign as error the court's action in failing and refusing to define the expressions, "common enterprise" and "community of interest", as used in the definition of partnership. Appellants contend that these terms are legal and should be defined. We overrule the contention. These terms are ordinary words used in their common meaning and need not be defined. McDonald, Texas Civil Practice, Vol. 3, § 12.14. Furthermore, appellants are not in a position to complain of the court's failure to define these terms because they did not submit

to the court in writing a correct definition of such terms. Rule 279, T.R.C.P.

Having concluded that appellants' points are without merit, the judgment is affirmed.