**H. A. WILLIS, Jr., Appellant,**

v.

**J. R. HARVEY et al., Appellees.**

No. 13793.

Court of Civil Appeals of Texas.

Houston.

Sept. 7, 1961.

Rehearing Denied Sept. 28, 1961.

■

Walter M. Hilliard, James A. Gray, Caldwell, Charles C. Smith, Jr., Cameron, for appellant.

Dillon & Lee, W. Edward Lee, Bryan, Hays Bowers, Caldwell, for appellees.

COLEMAN, Justice.

H. A. Willis, Jr., appellant, sued J. R. Harvey and J. R. Harvey Motor Company, Inc., for an accounting of the profits of an alleged partnership and for damages for breach of the alleged partnership agreement. Summary judgment was rendered for appellees.

The decisive question involved is whether or not a material question of fact exists in view of the admitted facts that an oral agreement to form a partnership was reached by the parties, which agreement contemplated the purchase by appellant of a 49% interest in the assets of the Harvey Motor Company. The Harvey Motor Company was the assumed name under which J. R. Harvey operated as a Chevrolet dealer. A substantial part of these assets consisted of real property. Appellee set up the statute of frauds in his answer.

While appellant's pleadings are conflicting to some extent, he pled:

"Finally Defendant J. R. Harvey specifically represented to Plaintiff that if he would completely terminate his association with The Jennings Company, and associate himself with Defendant J. R. Harvey and the Harvey Motor Company in a partnership on a full time basis he would compensate him as follows:

"(a). That Plaintiff would be given complete charge of Harvey Motor Company which at that time was solely and individually owned by J. R. Harvey, and be given the sole management thereof.

"(b). That Plaintiff would receive 49% of the net profits of said partner-

ship plus the additional sum of $450.00 per month as additional compensation for service of the Plaintiff as the active manager of said partnership and that Defendant J. R. Harvey would receive 51% of the net profits of said partnership and that Defendant J. R. Harvey would not receive any further salary or compensation from the partnership business.

"(c). That Defendant J. R. Harvey would sell, assign and convey to Plaintiff, at a total price to be determined by audit and appraisal, 49% of all the assets in Harvey Motor Company and that thereafter the same would be a co-partnership comprised of Plaintiff and Defendant J. R. Harvey in the shares of 49% and 51%, respectively."

He further pled that the "partnership venture would commence as of January 1, 1957, and that he (J. R. Harvey) would shortly thereafter make the conveyance to him of the 49% interest * * *."

Appellant testified by deposition that Harvey first came to him with a partnership proposal in the late fall of 1955 and that discussions continued at intervals until December, 1956, when an agreement was reached. As part of the agreement appellant was to buy 49% of the business, paying $8,000 cash and giving a note for the balance to be paid out in yearly installments from the earnings of the business. The parties never reached agreement on the amount of the note, and while appellant testified that he tendered the $8,000, it was never actually paid.

In answer to the question, "All right; and you weren't to own any part of the profits in the business until you had done that, were you?" appellant answered, "No, sir; that wasn't true; I couldn't be earning any profits if I didn't own part of it."

Appellant sold his interest in a business which he was then managing and on the 20th day of February, 1957, he took over the active management of the Motor Company. Advertisements authorized by both Willis and Harvey were placed in the newspapers announcing the formation of the partnership effective March 1, 1957. Appellant continued to operate the business, drawing a salary, but no share of the profits, until May 31, 1959.

He testified that he participated in a meeting with a representative of General Motors Corporation and Harvey concerning the incorporation of the business "some two or three months after we entered into a partnership."

In answer to the question, "Well, was this a new business or a continuation of Mr. Harvey's business?" he answered, "Well, it was a new partnership * * * in '57."

The pleading and testimony quoted demonstrate that it was appellant's contention that a partnership to operate the business was formed on or before March 1, 1957, and that the agreement to permit him to purchase an interest in the assets used in the business was subject to a subsequent agreement on value and that the creation of the partnership relation was not conditioned on the purchase and sale of the assets.

■ An investment of money in a business by all parties is not necessary to the formation of a partnership, nor is it necessary that there be an express agreement, either written or oral, in order to form a valid partnership. Kelley Island Lime & Transport Co. v. Masterson, 100 Tex. 38, 93 S.W. 427; Cavazos v. Cavazos, Tex.Civ. App., 339 S.W.2d 224, ref., n. r. e.; Ware v. Chatham, Tex.Civ.App., 56 S.W.2d 229, writ dism.; Shelton v. Trigg, Tex.Civ.App., 226 S.W. 761, modified Tex.Com.App., 249 S.W. 209; Crawford v. Austin, Tex.Civ. App., 293 S.W. 275, error dism. w. o. j.; 32 Tex.Jur., Partnership, §§ 9 and 10.

A partnership has been defined as "a relationship between two or more persons where there is a common enterprise and a community of interest therein, a prosecution of the common enterprise for the joint

benefit of the parties, and a right of each of the parties to participate to some extent in the profits as such and an obligation of each of the parties to bear some portion of the losses, if any, sustained in the business." Cavazos v. Cavazos, supra [339 S. W.2d 226]; Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S.W. 122.

■ An executory contract to form a partnership does not create the relation of partners between the parties until it is consummated or executed and where *the agreement provides a condition precedent to the formation of the partnership* (emphasis supplied), then it will not come into existence until the condition has been met. Millers' Indemnity Underwriters v. Patten, Tex.Civ. App., 238 S.W. 240, affirmed Tex.Com.App., 250 S.W. 154; Buzard & Hilliard v. McAnulty & Mosty, 77 Tex. 438, 14 S.W. 138; Bell v. State, 132 Tex.Cr.R. 81, 104 S.W.2d 511; Chancellor v. Brachman, Tex.Civ. App., 41 S.W.2d 1015; Cearley v. Cearley, Tex.Civ.App., 331 S.W.2d 510.

■■ Here there is a dispute as to the terms of the agreement as to whether or not there was created a present partnership in the operation of the business as distinguished from the assets used therein. Such a partnership is not illegal and void even though it was expected that one partner would purchase an interest in the real estate used in the business. Pappas v. Gounaris, 158 Tex. 355, 311 S.W.2d 644; First National Bank of Amarillo v. Rush, Tex.Com. App., 210 S.W. 521; Werner v. Mitchell, Tex.Civ.App., 2 S.W.2d 477, error dism.

■ The burden of demonstrating the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him. McDonald, Texas Civil Practice, Vol. 4, p. 1392; Whelan v. State, Tex.Civ.App., 252 S.W.2d 271; Sessions v. Whitcomb, Tex.Civ.App., 329 S.W.2d 470, writ den., n. r. e.

"The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility * * *." Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931; Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93.

Reversed and remanded for trial.