**C. D. WYCHE, Appellant,**

v.

**WICHITA ENGINEERING COMPANY,**
Appellee.

No. 16300.

Court of Civil Appeals of Texas.

Dallas.

Jan. 17, 1964.

Rehearing Denied Feb. 7, 1964.

Yarborough, Yarborough & Johnson, Donald V. Yarborough, Dallas, for appellant.

Carter, Gallagher, Jones & Magee and Morton A. Rudberg, Dallas, for appellee.

WILLIAMS, Justice.

Wichita Engineering Company brought this action against C. D. Wyche in the nature of a verified account for services rendered and goods furnished, together with attorneys' fees. Following jury trial judgment was rendered in favor of the plaintiff against Wyche for $588.34 plus attorneys' fees. Wyche appeals, presenting five points of error, and having carefully considered them we are of the opinion that they should be overruled and the judgment of the trial court affirmed.

In view of the nature of appellant's points it becomes necessary that we review briefly the pleadings, the jury findings, and a portion of the material testimony. Appellee alleged that it furnished the goods and performed the labor to the appellant Wyche at the request of Wyche's agent, one L. O. Hill, who was acting within the course and scope of his authority for Wyche. Wyche answered denying generally all of the allegations of plaintiff and specifically alleged that L. O. Hill was not his agent and had no authority to act for him in the transaction sued upon.

Wyche testified that he did own some leases in Wichita County and that in 1958 he entered into a verbal agreement with L. O. Hill whereby Hill was to drill some wells on these leases. He admits that Hill incurred a number of obligations for him in connection with the drilling operations but that in the latter part of 1959 he had a falling out with Hill and went to Wichita Falls where he paid off everybody that said he owed them and then instructed them not to credit Hill with anything further. There is no evidence that such statement was made by Wyche to Wichita Engineering Company or any of its representatives.

The witness Howell, a representative of Wichita Engineering Company, testified that Hill had ordered some work done by

his company on a piece of equipment known as a mud pump in October, 1959 and that the invoice was sent to Wyche. He testified that he went to see Wyche who paid the invoice after Hill approved the same. On that occasion he said that he specifically asked Wyche if Hill represented him in his oil business and Wyche said: "Yes, he is my representative". He further said that Wyche told him on that occasion that Hill "was his tool pusher in his oil operations and they were drilling a lease between Burkburnett and Electra, Texas, and that any bills that Hill signed or incurred against Wyche that he would take care of them and would pay those particular bills * * *". Howell said that in his conversation with Wyche the question of future repairs to the mud pump came up and Wyche told him he owned the pump in question. He asked Wyche how he wanted to handle the account whereupon Wyche said: "Anything that Mr. Hill signs for Wyche Oil Company I will take care of it and don't worry about it". Howell testified that subsequently the company did do other work for Wyche, including work on the mud pump, and that the account was okayed on the strength of what Wyche had told him.

Appellee's vice-president, Brown, testified that the invoice made the basis of appellee's claim against Wyche was made out to "Wyche Oil Company" rather than C. D. Wyche. He said that he did not know exactly why the invoice was made out in this particular manner but that his company had no account or customer other than that account referred to as the C. D. Wyche or Wyche Oil Company account. He said that the company did not know anyone in connection with this transaction other than C. D. Wyche. The work and material furnished in connection with this claim involves a mud pump and Brown testified that his company had done work on this pump for Wyche on more than one occasion. One time the invoice was made to C. D. Wyche and another to Wyche Oil Company, but both accounts were with reference to the same mud pump.

Another of appellee's employees, Breed, testified that in June of 1960 he contacted Wyche by telephone concerning the charges made the basis of this claim and that Wyche told him that he would pay the invoice. Breed testified that he later personally contacted Wyche in July of 1960 concerning the unpaid invoice and that Wyche again agreed that he would pay the same, never protesting that he did not owe it.

Wyche testifying on his own behalf vehemently denied all of the testimony, in detail, given by appellee's witnesses.

The jury, in answer to special issues found (1) that L. O. Hill bought the goods and services from Wichita Engineering Company; (2) that such goods and services were contracted by Hill while acting within the course and scope of his employment as an agent for C. D. Wyche; (3) that L. O. Hill did not buy the goods and services in question as the apparent agent of C. D. Wyche; (4) that the items of goods and services set forth in Plaintiff's Exhibit No. 3, attached to plaintiff's petition, were delivered to L. O. Hill on or about the time of the transaction involved in this suit by Wichita Engineering Company; (5) that the market value of such goods and services was $588.34; (6) that L. O. Hill, in making the transaction with Wichita Engineering Company, did not do so for Wyche Oil Company; (7) that on the occasion in question Wyche was not doing business under the name of Wyche Oil Company; (8) that $235.00 would be a reasonable attorneys' fee.

By its first point appellant contends that the jury having found that appellant was not doing business under the name of Wyche Oil Company, and since the uncontroverted evidence shows that the goods and services, made the basis of this suit, were for Wyche Oil Company, the trial court should not have rendered judgment against the individual Wyche. The point assumes that the evidence is uncontroverted that the goods and services were rendered to Wyche Oil Company and not to C. D.

Wyche. The record does not support appellant in this regard. While it is true that the invoice attached to appellee's petition, and introduced in evidence as Plaintiff's Exhibit 3, does show that it was made to "Wyche Oil Company", there is some testimony in the record that the goods and services were rendered to L. O. Hill acting as agent for C. D. Wyche, and the jury so found. There is also testimony in the record, as above demonstrated, that C. D. Wyche agreed to pay the invoice on one or more occasions, regardless of the fact that it was made to Wyche Oil Company. We do not believe that the designation of Wyche Oil Company on the invoice is controlling over the evidence introduced in the record. From our reading of the entire record it is obvious that there was some confusion in the office of Wichita Engineering Company concerning the issuance of invoices to Hill and Wyche but such confusion is explained by Brown's testimony. There being conflicting evidence on the question of who the goods were furnished to and services performed for, the answer of Special Issue No. 7, to the effect that C. D. Wyche was not doing business under the name of Wyche Oil Company, is not controlling of the judgment in this case. This is especially true in the light of the finding of the jury in answer to other issues submitted. We therefore overrule appellant's first point.

By his second, third and fourth points appellant contends that there was no evidence or insufficient evidence to support the answer of the jury to Special Issue No. 2 wherein the jury found that Hill bought the goods and services in question while acting within the scope of his employment as an agent of C. D. Wyche. We have carefully reviewed the entire record in this case in considering these "no evidence" and "insufficient evidence" points and having done so in the light of the rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, we find evidence in support of the jury's find-

ing that Hill was acting as the agent of C. D. Wyche when he bought the goods and services made the basis of this suit. Furthermore, we cannot say that the evidence is insufficient nor that the findings were contrary to the great weight and preponderance of the evidence. As demonstrated above, the issue was sharply contested. There was evidence both pro and con concerning Hill's relationship and authority to act for Wyche. The jury saw and observed the witnesses and decided the issues adversely to Wyche's contention. We cannot say that the jury findings were wrong. Accordingly, we overrule appellant's second, third and fourth points.

By his fifth point appellant says that: "The court committed fundamental error in rendering judgment for attorneys' fees, it being apparent from appellee's first amended original petition that it was a corporation and its suit was for services rendered to an individual, namely, C. D. Wyche". Appellant admits that it did not raise this point in its motion for new trial before the trial court but seeks relief by contending that such is fundamental error and may be raised for the first time on appeal. We doubt that this question may properly be presented here as fundamental error. In the case of Schafer v. Stevens, Tex.Civ.App., 352 S.W.2d 471, Chief Justice Dixon, speaking for our court, presented an elaborate and comprehensive review of the authorities relating to fundamental error and pointed out that if the appellate court was required to look into the statement of facts to ascertain the question presented same could not be fundamental error. In this case the pleadings reflect that appellee is a corporation and seeks to recover attorneys' fees for goods furnished and services performed, yet one must resort to the statement of facts to ascertain the actual services performed and goods furnished. As a matter of fact, appellee did not recover the total amount for goods furnished and services performed which had been pleaded.

Even if we should be mistaken, and if it should be held that the matter is properly raised as fundamental error, we would be constrained to overrule appellant's point. While it is true that Art. 2226, Vernon's Ann.Civ.St. refers to "any person" it is likewise true that Art. 23, V.A.C.S., Sec. 2, provides that in construing words used in statutes the word "person" includes a corporation.

Neither should we apply the doctrine of *strictissimi juris* to the statute. Art. 10, Sec. 8, V.A.C.S., is express in telling us that the rule of the common law that statutes in derogation thereof shall be strictly construed shall have no application to the Revised Statutes; but the said statutes shall constitute the law of this state respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice.

This identical question was presented to the 5th Circuit Court of Appeals in the case of United States for Use and Benefit of Caldwell Foundry & Machine Co. v. Texas Construction Co., 237 F.2d 705. The contention that a corporation could not recover for personal services was overruled by the court, relying upon the opinion of the United States Supreme Court in Missouri, Kansas & Texas Ry. Co. of Texas v. Cade, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135. The United States Supreme Court in that case said:

"It is insisted that the benefits of the act are conferred upon natural persons only; but this we cannot concede, in the absence of a decision by the courts of the state, giving to it a construction thus limited."

No Texas case has been cited, and we have found none, directly holding that Art. 2226, V.A.C.S. prohibits a corporation, as such, from recovering attorneys' fees in a proper case.

The judgment of the trial court is affirmed.

Affirmed.