**H. T. NOLEN, Appellant,**

v.

**RIG–TIME, INC., Appellee.**

No. 93.

Court of Civil Appeals of Texas.

Corpus Christi.

May 20, 1965.

First Rehearing Denied June 29, 1965.

Second Rehearing Denied July 29, 1965.

James R. Sorrell, Jr., of Sorrell, Anderson, Porter & Stone, Corpus Christi, for appellant.

Robert C. Wolter, of Wood & Boykin, Corpus Christi, for appellee.

SHARPE, Justice.

This is an appeal from a judgment rendered in a non-jury trial in favor of Rig-Time, Inc., appellee, plaintiff below, against H. T. Nolen, appellant, defendant below, in the amount of $2,803.52, representing $2,166.00 for the principal claim, $137.52 for interest to date of judgment, and $500.00 for attorney's fees.

Appellee's claim was based upon a sworn account and invoices to "Nolen & Campbell, c/o H. T. Nolen, P. O. Box 842, Corpus Christi, Texas" for diamond coring and core analysis service on two wells located in Caddo Parish, Louisiana, known as Pender No. 1 Well, against which there was a claim for $952.00, and Shaffer No. 2 Well, against which there was a claim for $1,214.00. Appellee alleged, among other things, that H. T. Nolen and R. C. Campbell were partners in an oil and gas venture during the period of time that such indebtedness was incurred at the special instance and request of R. C. Campbell.

Appellant urges ten points of error in substance as follows: (1) the evidence is insufficient to establish a mining partnership between Campbell and Nolen, (2) there is no evidence of such mining partnership, (3) the trial court should have sustained appellant's objection to certain testimony of H. T. Nolen to the effect that he had arranged credit with Halliburton and National Supply Company, (4) the trial court

erred in admitting the testimony of appellee's witness Trainer to the effect that he had flown to Corpus Christi to see appellant about an account due him, (5) there was no evidence that Campbell was the agent of Nolen, (6) the evidence was insufficient to show such agency, (7) there was no evidence to show that appellant had contracted for appellee's services, (8) there was no evidence that appellant received the benefit of the goods, materials and services which appellee furnished, (9) the trial court erred in overruling appellant's special exception to appellee's allegations of attorney's fees, and (10) the trial court erred in rendering judgment for attorney's fees in favor of a non-resident claimant where the commercial dealings sued upon were requested in and were to be performed in the State of the claimant's residence, which was other than the State of Texas.

The trial judge filed findings of fact and conclusions of law in substance as follows: (1) Campbell and Nolen were partners in an oil and gas venture in the operation and development of two wells in Louisiana, (2) such partnership was in existence when the services were contracted and performed by appellee on said wells and leases, (3) Campbell was also the agent of Nolen in contracting such services, (4) the reasonable value of appellee's services was $2,166.00, which Nolen, acting through Campbell as his partner or agent accepted and agreed to pay, (5) if there was no such partnership or agency, appellant accepted, benefitted and impliedly agreed to pay for the work and services of appellee, (6) after request, appellant refused to pay appellee who necessarily employed attorneys to bring suit to collect, (7) a reasonable fee for the services of appellee's attorneys is $500.00, (8) appellant received a statement or notice of indebtedness by August 6, 1962, and (9) all other facts, not specifically mentioned are found in support of the judgment. By three conclusions of law the trial court held, in effect, that appellee was entitled to recover judgment for its claim, interest, and attorney's fees as hereinbefore mentioned, together with costs of suit.

The evidence herein is sufficient to support liability against appellee either on the theory of a mining partnership, an ordinary partnership, or because of Campbell's agency for Nolen. The finding of the trial court that Nolen and Campbell were partners was broad enough to include either a mining partnership or an ordinary partnership. However, appellant has not here assigned or urged a point of error as to the existence of an ordinary partnership, and appellee expressly insists that it does not waive such failure on the part of appellant.

The rule is well settled that a mining partnership arises by operation of law where co-owners work a mine. Joint ownership without joint operation merely constitutes cotenancy; but to constitute a mining partnership, it is essential that there be an actual working of the mine by the partnership. Wagner Supply Co. v. Bateman, 118 Tex. 498, 18 S.W.2d 1052 (1929); Rucks v. Burch, 138 Tex. 79, 156 S.W.2d 975 (1941). The record herein reflects that Nolen shared joint control of the "Nolen and Campbell operating account" out of which bank account all expenses were paid; that Nolen arranged for credit for the actual drilling of wells and for operations; that he participated in decision concerning whether to continue drilling of one of the wells; and that he was at the site of one of the wells when appellee's services were furnished. This is not a case where Nolen simply paid a specified price for an interest in a lease, but the record shows that he furnished money and credit and exercised judgment in connection with the venture. Neither the written agreement between Nolen and Campbell, nor the evidence established a several relationship between them. The evidence was sufficient to establish joint operation by Nolen and Campbell, as owners, so as to constitute a mining partnership.

■ Aside from the question of existence of a mining partnership, the evidence was sufficient to support the finding of the trial court that an ordinary business partnership existed between Nolen and Campbell. The legal relation between two persons where by agreement they have combined their property, labor or skill in an enterprise or business as principals for the purpose of joint profit is shown to exist. Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S.W. 122 (1913); Cavazos v. Cavazos, 339 S.W.2d 224, (Tex.Civ.App., 1960, wr. ref. n. r. e.); 44 Tex.Jur.2d, Partnership, § 17, p. 336. Appellant's points 1 and 2 are overruled.

■ By his points 3 and 4, appellant contends that the trial court should have sustained his objections to testimony of H. T. Nolen to the effect that he had arranged credit with certain business concerns and his objections to testimony of appellee's witness Trainer, to the effect that he had flown to Corpus Christi to see appellant about an account due him. Such testimony, in both instances, was admissible on the issue of partnership between Nolen and Campbell, and it tended to show that Nolen customarily made arrangements for credit in connection with the operations of Nolen and Campbell. Furthermore, the admission of such testimony, even if erroneous, is not shown to amount to such denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment; and such action is harmless in any event. Rule 434, Texas Rules of Civil Procedure. Appellant's points 3 and 4 are overruled.

■ Aside from the questions of the existence of either a mining partnership or ordinary business partnership, the evidence is sufficient to support the finding of the trial court that Campbell was the agent for Nolen in contracting for the services performed by appellee. Appellant's points 5 and 6 are overruled.

Appellant's points 7 and 8 to the effect that there was no evidence to show that he had contracted for appellee's services or that he received the benefits of the goods, materials and services furnished become immaterial in view of our holdings as to partnership and agency. The judgment need not rest on the findings that appellant impliedly promised to pay appellee or that he received the benefits of such services.

■ By his points 9 and 10, appellant contends that the trial court erred in overruling a special exception concerning attorney's fees and in allowing recovery of same because such allowance is in the form of a penalty provision and cannot be granted to a nonresident plaintiff where the commercial dealings sued on were requested and performed in the State of Plaintiff's residence, allegedly Louisiana. The record shows that appellee is a Delaware Corporation authorized to do business in the State of Texas; and that the services furnished by appellee were contracted for and rendered in the State of Louisiana. Appellant contends that such facts preclude appellee from recovery of attorney's fees under Article 2226, Vernon's Ann. Tex.Civ.St. In particular, appellant argues that the term "Any person" used in said Statute should be given a construction limited to persons that are residents of this State or that are parties to dealings within this State from which the claims they seek to enforce are connected; that said Statute is penal in nature and, therefore, must be strictly construed, resolving any doubt against the imposition of such penalty. The appellant is a resident of the State of Texas and appellee has the same rights as a domestic corporation in connection with litigation. See Art. 8.02, Business Corporation Act and comment thereunder appearing in Vol. 3A, V.A.T.S. Art. 2226 does not provide, expressly or impliedly, that materials furnished or services rendered by a claimant must be contracted for or supplied within the State of Texas. The words "Any person" as used in said Statute include a corporation. Wyche v. Wichita Engineering Company, 374 S.W.2d 728 (Tex.Civ.App., 1964, n. w. h.). Appel-

lee is within the class of persons referred to in said article and is entitled to recover reasonable attorney's fees in addition to its primary claim. Appellant's points 9 and 10 are overruled.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

Appellant's motion for rehearing contains seventeen points of error and a request for additional findings of fact in connection with the following matters: (1) Our conclusion that an ordinary partnership existed between Nolen and Campbell, (2) our conclusion that Campbell was an agent for Nolen in contracting for the services performed by appellee, and (3) our conclusion that Nolen exercised judgment in connection with the venture.

In our original opinion we pointed out that appellant did not assign a point of error in this court concerning the existence of an ordinary partnership between Nolen and Campbell and that appellee expressly refused to waive such failure. By his point IV appellant now contends that since this case was tried without a jury it was not necessary to assign points of error. Such contention is not well taken. Neither the Supreme Court nor a Court of Civil Appeals is authorized to reverse a trial court's judgment in the absence of a properly assigned error or one which can properly be classed as fundamental. Rule 418, Texas Rules of Civil Procedure; Texas Power & Light Co. v. Cole, 158 Tex. 495, 313 S.W. 2d 524, 529 (1958). In City of Deer Park v. State, 154 Tex. 174, 275 S.W.2d 77, 85 (1955) the Supreme Court quoted with approval the opinion of the San Antonio Court of Civil Appeals in Kendall v. Johnson, 212 S.W.2d 232, 235, wherein it was said: "It is the purpose of an assignment of error to point out, segregate and identify the particular ruling or action of the court which it is contended constitutes reversible error and the effect of the segregation and identification is to waive all other complaints as to all other rulings and actions of the court, unless they are also assigned as error." The case now before this court is an appeal from a trial on the merits by the court sitting without a jury. There is no question of fundamental error here. Appellant was required to assign a point of error and to brief the same in this court with reference to the actions of the trial court about which he desired to complain and seek relief.

Under such circumstances we are required to affirm the judgment of the trial court on the basis that it is supported by the findings and conclusions of the lower court to the effect that an ordinary partnership existed between Nolen and Campbell. Such partnership resulted from an express agreement entered into by them to combine their property, labor or skill, as principals, in an enterprise or business for the purpose of joint profit. Because of such ordinary partnership, liability attached against Nolen in connection with appellee's cause of action asserted here; and, in view of this, it is not necessary to predicate Nolen's liability on a mining partnership which arises by operation of law when co-owners work a mine, that is, where both joint ownership and joint operation are present. However, if there had been no such ordinary partnership, the evidence herein is sufficient to support the existence of a mining partnership, and the judgment, if necessary would be supported on such basis. Neither is it necessary to predicate affirmance of the judgment on the theory of Campbell's agency for Nolen. However, if there had been neither an ordinary partnership or a mining partnership, the evidence herein is sufficient to support the finding of the trial court as to such agency, i. e. that Nolen authorized Campbell to represent him in business relations with other persons in connection with the operations here involved; so that, if necessary, liability would attach against Nolen on the theory of agency.

In view of appellant's failure to assert a point of error in this court complaining

of the judgment on the premise that it is not supported on the basis of an ordinary partnership between Nolen and Campbell, we doubt that supplemental findings are required to be made by us under Rule 455, T.R.C.P. However, if such findings are required we believe it sufficient in connection with the matters referred to by appellant to adopt the findings and conclusions of the trial court, those made by us in the original opinion and those made in this opinion.

After consideration of Appellant's motion for rehearing and each ground thereof, we adhere to our original disposition of the case and said motion is overruled.