**SOUTHWESTERN MOTOR TRANSPORT COMPANY, Inc., Appellant,**

v.

**VALLEY WEATHERMAKERS, INC., Appellee.**

**No. 4173.**

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

Rehearing Denied June 16, 1967.

Muse, Currie & Kohen, Ralph W. Currie, Dallas, Hardy, Galindo & Sharpe, Thomas G. Sharpe, Jr., Brownsville, for appellant.

Orrin W. Johnson, Harlingen, for appellee.

GRISSOM, Chief Justice.

Valley Weathermakers, Inc., sued Southwestern Motor Transport Company, Inc., for the value of labor and material furnished by the plaintiff in repairing and replacing air conditioning equipment which the plaintiff had shipped in interstate commerce with the defendant as the initial carrier and which equipment was damaged by a connecting carrier. The plaintiff sought recovery under an alleged contract with the defendant. It also sued for reasonable attorney's fees. In a trial to the court, judgment was rendered for the plaintiff for the reasonable value of the labor and material so furnished and for attorney's fees. Southwestern Motor Transport Company, Inc., has appealed.

Appellant presents twenty-one points of error. The first one being that the court erred in trying the case on the theory of an oral contract to repair and replace such equipment because the only contract between the parties was the Bill of Lading for shipment of said equipment in interstate commerce because said Bill of Lading was cumulative of all rights of

the parties and said Bill of Lading incorporated all provisions of the Interstate Commerce Act and relevant tariffs. The second point is that the court erred in trying the case on the theory of an oral contract because in so doing it stripped the defendant of all defenses it had under federal law pursuant to the contract for the shipment of said goods in interstate commerce; that this was solely a question of federal law and the defenses would have been:

A.   Fault of the shipper.

B.   Inherent vice of the commodity.

C.   Act of God.

The third point is that the court erred in applying the Texas law applicable to formation of the contract because said cause arose out of an interstate shipment and was controlled by Federal Law. Other points present the contention that there was no evidence or insufficient evidence to support the finding of $9,854.56 as the reasonable value of the work done and material furnished in repairing and replacing said damaged equipment. Appellant also contends that the parties with whom the plaintiff allegedly contracted for the repair and replacement of the damaged equipment had no authority to make such a contract and that the court erred in awarding plaintiff attorney's fees, because attorney's fees were not recoverable under Article 2226, because plaintiff's suit was on a special contract.

█ It is undisputed that plaintiff shipped in interstate commerce air conditioning equipment manufactured by it; that it was damaged by a connecting carrier and that defendant was the initial carrier who issued the bill of lading. There is no question but that under this record the court had the right to find that under the Interstate Commerce Act the defendant, the initial carrier in interstate commerce, was liable to the plaintiff for damage caused by its connecting carrier. Plaintiff's evidence was to the effect that when the defendant notified

it of the damage to its equipment that it was the only concern in that general area capable of replacing and repairing it; that it contracted to repair and replace the damaged equipment and the defendant impliedly agreed to pay plaintiff the reasonable value of the labor and material furnished and that the reasonable value of the labor done and the material furnished was the amount found by the court.

█ With due deference to the excellent brief and argument of the appellant, we have concluded that the case is not controlled by federal statute; that this is simply a suit upon a contract to recover the reasonable value of the labor done and the material furnished by the plaintiff under a contract and that the evidence is sufficient to support the findings of the trial court and the judgment therefor and that the controlling findings are not contrary to the overwhelming weight and preponderance of the evidence.

█ There was evidence to the effect that the defendant's agent at the place of shipment and the general claim agent made the contract alleged by the plaintiff; that the damaged equipment was returned by the defendant from the place where it was damaged to the plaintiff's place of business in the town from whence it was shipped to be replaced and repaired by it, because plaintiff was the only concern in the general area that was capable of making such repairs and replacements; that the defendant returned it to the plaintiff for the purpose of having it replaced and repaired; that it had knowledge of the repairs and replacements being made and inspected them while the work was being done. While the contract was somewhat indefinite and consisted of a letter and telephone conversation and contained no agreement as to the amount to be paid plaintiff, nevertheless, the entire record supports the court's conclusion that such contract was, in fact, made by defendant's authorized agents. With reference to the matters just mentioned we think plaintiff properly states that

the question presented is where equipment was shipped interstate by the plaintiff and wrecked in transit by a connecting carrier and replaced and repaired by the shipper at the request of the initial carrier under an implied agreement that it will pay the reasonable value thereof, may such initiating carrier, after the work has been done and the material furnished, under such circumstances avoid its obligation to pay therefor, the plaintiff's bill admittedly being just and reasonable in amount?

█ Before undertaking to do any of the repair work plaintiff wrote the defendant on September 13, 1965, outlining the work which would have to be done and the charges to be made. Plaintiff, through its President, also had a telephone conversation with defendant's local manager, who authorized the plaintiff to proceed to make the repairs, it having been returned to the plaintiff by the defendant in its damaged condition for that purpose. There is evidence that the defendant knew for several weeks that the plaintiff was doing the repair work and that the defendant inspected such work as it progressed. When the repair work was finished a bill was submitted to defendant in accord with such agreement. There was little controversy about whether the charges were necessary and reasonable. The defendant, apparently, is basing its defense and appeal upon the theory that it is not liable for the labor done and the material furnished by the plaintiff because the Interstate Commerce Act excuses it from liability under such an agreement. Without discussing all the ramification of this contention so ably presented, we cannot agree that the federal law has that effect. The Interstate Commerce Act does impose liability upon the initial carrier for damages to an interstate shipment caused by a connecting carrier. It does not, however, deny such a plaintiff recovery against the defendant upon a contract to pay for labor done and material furnished in repairing the damaged goods. Such act, 49 U.S.C.A. § 20(11), provides that:

" * * * no contract * * * of any character whatsoever shall exempt such common carrier * * * from the liability imposed * * *."

The agreement sued on could not by the wildest stretch of the imagination be construed as an attempt to exempt the carrier from liability fixed by said statute. The statute made the defendant liable. It did not exempt it from liability for a contract to pay for the labor and material furnished under a contract to replace and repair material so damaged while in transit. The court correctly held the defendant liable to pay the reasonable value of the labor done and the material furnished under agreement made by and through its local manager Herzing, who, with the addition of the general claim agent, was the only persons plaintiff dealt with in connection with the shipment, the return of the damaged goods by defendant to plaintiff for repair and the alleged contract in relation thereto. We think it was sufficiently shown that defendant's said agents had authority to and did employ plaintiff on behalf of Southwestern Motor Transport Company, Inc. to furnish the material and do the labor requisite to repairing and replacing the damaged equipment.

█ The next question is whether the court correctly awarded plaintiff attorney's fees under Article 2226. We think the court correctly held that the plaintiff, who took all requisite procedural steps under said article, was entitled to recover attorney's fees, because this was a suit for labor done and material furnished under an agreement with the defendant. Article 2226 provides that any person having a valid claim against a corporation for personal services rendered, labor done, material furnished, damaged freight, etc., may present the same to such corporation or to any duly authorized agent, and if, at the expiration of thirty days thereafter, the claim has not been paid, and he should finally obtain judgment for any amount thereof as presented for payment, he may recover, in addition to his claim and costs,

a reasonable amount as attorney's fees. Under such statute, as interpreted in such cases as Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98; J. H. Hubbard & Son, Inc. v. Greer, Tex.Civ.App., 255 S.W.2d 389; Williamson v. Acosta, Tex.Civ.App., 257 S.W.2d 772; Southwest General Const. Co. v. Price, Tex.Civ.App., 267 S.W.2d 855 and Ginther v. Southwest Workover Co., Tex.Civ.App., 286 S.W.2d 291, authorizes recovery of the attorney's fees awarded here. See also Dueitt v. Barrow, Tex.Civ.App., 384 S.W.2d 214, 216; Ferrous Products Co. v. Gulf States Trading Co., Tex.Civ.App., 323 S.W.2d 292, 297, affirmed 160 Tex. 399, 332 S.W.2d 310, 313; Nolen v. Rig-Time, Inc., Tex.Civ.App., 392 S.W.2d 754, 757, ref. n. r. e.; Ferrier Brothers v. Brown, Tex.Civ.App., 362 S.W.2d 181, 188, ref. n. r. e.; 14 Am.Jr.2d "Carriers", Sec. 658, p. 165, defendant was liable for the reasonable attorney's fees awarded by the trial court.

We conclude that reversible error is not shown. All of appellant's points are overruled. The judgment is affirmed.