**J. G. BISCAMP, Appellant,**

v.

**ZENO CARPET COMPANY, Appellee.**

**No. 7271.**

Court of Civil Appeals of Texas, Beaumont.

Sept. 30, 1971.

Addington & McGraw, Jasper, for appellant.

Seale & Stover, Jasper, for appellee.

KEITH, Justice.

The appeal is from a judgment in favor of the plaintiff in a suit for debt. Plaintiff sought recovery upon a petition which was supported by the affidavit of his counsel couched in the language of Rule 185 relating to suits upon sworn account. There was no itemization of the alleged "account" contained in the petition itself nor did plaintiff attach any exhibit thereto. We quote plaintiff's allegations concerning the debt in the margin.* Defendant answered by an unverified general denial.

Upon the date the case was set for trial, defendant and his counsel appeared after having announced "ready." Thereupon, plaintiff's counsel presented to the court a motion for judgment wherein he contended that the suit was upon a sworn account which had been answered only by an unsworn general denial, and plaintiff was entitled to judgment. The court sustained the motion and entered judgment for the amount sued for in the petition but made no award for the attorney's fees sought therein.

■ We have no statement of facts in our record and defendant says in his brief that "there was no evidence introduced in the trial Court * * *." Plaintiff responds to this direct statement by saying in its brief: "Plaintiff's petition, introduced into evidence, has established a prima facie case." Plaintiff also points to the court's conclusion of law which reads:

"Plaintiff's verified petition stated a cause of action on sworn account and defendant having answered with an unverified general denial, the existence and justness of the account was established as a matter of law."

Since appellee does not directly challenge the statement that "there was no evidence introduced," made in appellant's original brief, we accept that which is apparent from a consideration of the record. See Rule 419 and this court's comments thereon to be found in Crawford v. Modos, 465 S. W.2d 220, 222 (Tex.Civ.App., Beaumont, 1971, error dism.).

■ Accepting defendant's major premise, that the petition was in the form of a

---

* "That prior to April 25, 1970, plaintiff, at the special insistance and request of defendants, sold and delivered to defendants as buyers, in the regular course of business, labor and materials at a price agreed upon between the parties, the same being the reasonable value of the labor and materials sold, aggregating the sum of One Thousand Three Hundred Twenty-Eight and 82/100 ($1,328.82) Dollars. That said sum is past due and unpaid, and though often requested, defendants have failed and refused, and still refuse to pay the same to plaintiff's damage in the said sum of $1,328.82. That said labor was performed and said materials were furnished in Jasper County, Texas."

suit upon sworn account under Rule 185, and the implied concession that *only* the petition was introduced in evidence in support of the judgment, we turn to a consideration of the defendant's first point upon appeal. There, the contention is made that the trial court erred in entering judgment for plaintiff without supporting evidence (other than the original petition) since the suit was not brought in the form of a sworn account in accordance with Rule 185. We agree and reverse the judgment of the trial court and remand the cause for trial upon the merits.

The sworn account practice, as set out in Rule 185, has been appropriately classified as a rule of evidence, and is not the basis of any cause of action. 2 McDonald, Texas Civil Practice (Rev.Ed., 1970), § 7.31, p. 239, commenting upon Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, 78 (1958). In Wallis v. McGuffey, 392 S.W. 2d 802, 804 (Tex.Civ.App., Dallas, 1965, no writ), the court cites several cases for the proposition that "[i]t has been repeatedly held by our courts that general statements contained in affidavits such as 'merchandise', followed by listing of invoice numbers, or giving the dates and figures without description of the various items, is insufficient to comply with Rule 185, T.R.C. P." Here there were not even dates or invoice numbers to amplify the word "merchandise" found in the petition.

Here, as in the case of Alexander v. Texoma Wholesale Jewelers, 307 S.W.2d 631, 633 (Tex.Civ.App., Beaumont, 1957, error ref. n. r. e.), there was no exhibit attached to the petition, and the court said:

"Since it [the petition] failed to disclose any of the articles alleged to have been sold and delivered, the so-called verified account was not itself sufficient to support the judgment. * * * [citations omitted] * * *"

See also, Williamsburg Nursing Home, Inc. v. Paramedics, Inc., 460 S.W.2d 168, 169 (Tex.Civ.App., Houston, 1st, 1970, no writ).

Had plaintiff's suit been upon a sworn account, properly itemized and supported by an affidavit drawn in accordance with the requirements of the rule, defendant would not be heard to deny the claim or any part thereof. Collins v. Kent-Coffey Manufacturing Company, 380 S.W.2d 59 (Tex.Civ.App., Eastland, 1964, error ref.). But, plaintiff's suit was not in the form required by Rule 185 so that the pleading did not prove itself. As was said in the recent case of Wilson v. Brickstone Products Corporation, 465 S.W.2d 183, 184 (Tex. Civ.App., San Antonio, 1971, error ref. n. r. e.):

"It must be recognized at the outset that since this suit was not filed in the form provided by Rule 185, appellant was not required to file a sworn answer."

Plaintiff's pleading being insufficient under Rule 185 to constitute a suit upon a sworn account, defendant's general denial put in issue all matters not required to be specially pleaded—including plaintiff's right to recover. See authorities collated in Copeland v. Hunt, 434 S.W.2d 156, 158 (Tex.Civ.App., Corpus Christi, 1968, error ref. n. r. e.).

The trial court having erred in rendering judgment for the plaintiff upon the basis of the suit upon the sworn account, and plaintiff having offered no evidence supporting his alleged debt, it follows that the judgment below must be reversed and the cause remanded. It is so ordered.

Reversed and remanded.