Jesse JUAREZ, Appellant,

v.

Thomas S. DUNN et al., Appellees.

No. 6719.

Court of Civil Appeals of Texas, El Paso.

March 29, 1978.

Rehearing Denied April 26, 1978.

Craig L. Austin, Ingram Blair McLeod, San Antonio, for appellant.

Morriss, Boatwright, Lewis & Monnig, Clarence R. Boatwright, Stanley E. Burch, San Antonio, for appellees.

## OPINION

WARD, Justice.

Jesse Y. Juarez sued to recover compensation for architectural services rendered to Thomas S. Dunn under the terms of a written contract. The Plaintiff also sought recovery from Norman Harwell on the basis that Dunn and Harwell were operating under a partnership arrangement. The trial Court, sitting without a jury, entered judgment for the architect against Dunn and entered a take nothing judgment in favor of the Defendant Harwell. The Plaintiff, on appeal, complains of the take nothing judgment against Harwell and of the trial Court's failure to enter judgment for the Plaintiff on reasonable attorney's fees against both Defendants. We reform the judgment below by permitting the Plaintiff to recover attorney's fees against the Defendant Dunn, and affirm in all other respects.

The Plaintiff's trial petition alleged that on August 10, 1975, he entered into a written contract with Dunn to perform architectural services for the partial design of a shopping center for which he was to be paid the agreed sum of 13 ¢ per square foot or the total amount of $12,389.00, a copy of the contract being made a part of the petition and attached as Exhibit "A". He alleged that he had received four partial payments totaling $5,250.00, and that a balance of $7,139.00 was past due and owing. The Plaintiff further alleged that Dunn and Harwell were partners operating under the terms of a written partnership agreement, the copy thereof being attached as Exhibit "B" and made a part for all purposes. The Plaintiff alleged, in the alternative, that the reasonable value of his architectural services was in excess of the contractual amount, that he was entitled to reasonable attorney's fees, and attached an affidavit stating that "the foregoing account" was just, true and correct, the affidavit being in the form required by Rule 185, Tex.R.Civ.P.

The trial Court found as a fact that the Plaintiff substantially performed the contract for architectural services and was entitled to receive the full agreed consideration of $12,389.00, and that, since he had been paid $5,250.00, there was a balance due and owing of $7,139.00. There was also a finding that the fair market value of his services was the amount of $12,389.00, which services were received and retained by the Defendant Dunn for his use and benefit. The Court determined that reasonable fees for the Plaintiff's attorney were in the sum of $1,427.80 in the trial Court, and $1,000.00 in the Court of Civil Appeals, but that, as a matter of law, no attorney's fees were allowable. As pointed out, the judgment was then entered against Dunn only for the balance due and owing for the services rendered.

The Plaintiff's first point is to the effect that his suit was properly brought under

Rule 185, Tex.R.Civ.P.; that the Defendant Harwell did not file a verified denial as required by that Rule; and, consequently, he was entitled to judgment on his pleadings against Defendant Harwell. He contends that his petition evidenced a suit on a sworn account founded upon the written contract, and in the absence of a sworn denial under Rules 185 and 93(k), Tex.R. Civ.P., his account became prima facie evidence, with Harwell not being permitted to dispute the items or services or the correctness of the stated charges. *Edinburg Meat Products Company v. Vernon Company*, 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Leyendecker v. Santa Rosa Medical Center*, 533 S.W.2d 868 (Tex.Civ. App.—Tyler 1976, no writ).

■ Harwell argues generally that the Plaintiff's pleadings and exhibits taken together in no wise complied with the minimum requirements of a sworn account as contemplated by Rule 185, as this was a suit on an express contract with no itemization showing the nature of each item, the date, and the charges therefor. The cases are legion to support that contention where the account is an open one involving sales of personal property, but those cases do not relate to the subdivision of Rule 185 before us, which is one for personal services rendered by a plaintiff-architect under the terms of a written contract. As to that part of the Rule, the Rule itself is not clear that there must have been a systematic record maintained by the plaintiff of all charges and credits, entered in regular sequence and sworn to, before a plaintiff can be entitled to the advantages of the Rule. The Rule, as adopted in 1941, came from Article 3736, Tex.Rev.Civ.Stat.Ann. That Statute, before it was amended in 1931, limited a sworn account to one which was an open account, in which there was a sale on one side and a purchase on the other side whereby title to personal property passed from one person to another creating the relationship of creditor and debtor. In 1931, the Statute was amended and the benefits of a suit and the proof on a sworn account were extended to claims for liquidated money demands based upon con-

tracts, or based upon business dealings between the parties, or for personal services rendered on which a systematic record of accounts had been kept. That amendment required that a systematic record of accounts be kept where the suit was for the recovery of personal services. That requirement was reflected by the emergency clause of the 1931 amendment, where it was repeated in the following language:

"The fact that there is no existing statute authorizing a judgment to be rendered upon a claim for liquidated money demands based upon their contracts, or based upon business dealings between the parties, or for personal services rendered on which a systematic record of accounts has been kept which is supported by the affidavit of the party, his agent or attorney creates an emergency * * *."

Substantially the same wording is carried forward into the present Rule. Thus, it would seem necessary that under Rule 185, where the suit was based upon the personal services rendered, a plaintiff should swear to a systematic record of all charges and payments, entered in regular sequence, before he would be entitled to the benefits of the Rule; that is, that a statement or invoice be set forth in the pleadings or by an attached and incorporated exhibit which clearly identifies the nature of the items constituting the sworn account, particularly where it is a suit for personal services. This thought is present in the article "Sworn Accounts and Summary Judgment Proceedings in Texas: A Proposed Change," Tomasic and Kieval, 17 S.Tex.L.J. 147 (1976), where the authors of the article continue with suggested changes to Rule 185 that would promote greater clarity in the wording of the Rule.

■ Since the Plaintiff's suit is upon a claim upon personal services with a stated amount as being the total due, and with no other itemization, we hold that the pleading and exhibits were insufficient under Rule 185 to constitute a suit upon a sworn account, as the term is used in Rule 185, and the Defendant's general denial put in issue all matters not required to be specifi-

cally pleaded. *Biscamp v. Zeno Carpet Company*, 473 S.W.2d 218 (Tex.Civ.App.—Beaumont 1971, no writ); *Benthall v. Goodwin*, 498 S.W.2d 510 (Tex.Civ.App.—El Paso 1973, no writ).

If we be mistaken in what we have said, there still remain more fundamental reasons why the Plaintiff could not claim the full advantage of Rule 185, Tex.R.Civ.P. The Plaintiff declared on a contract to which Harwell was a stranger, although the Plaintiff did allege that Harwell was a partner with Dunn and did attach a copy of an agreement between those two Defendants to his petition. Harwell, in his answer, did file a sworn denial of partnership in accordance with Rule 93(f), Tex.R.Civ.P. Also, the agreement between the two Defendants as attached did not reflect that any partnership was created, but that some sort of a partnership might be created in the future if contracts were ever secured to finance, purchase and construct a contemplated shopping center. Thus, in the instant case, we have facts which call for application of the stranger-to-the-account exception which dispenses with the requirement of an appropriate written denial under oath. This exception is said to apply where the plaintiff's own pleadings or the exhibits reflect that the defendant was not a party to the original transaction. *Boysen v. Security Lumber Company*, 531 S.W.2d 454 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Also, in this instant case, the written denial of partnership under oath, as required by Rule 93(f), should be sufficient to controvert the account and put the Plaintiff on proof of his claim sued on. *Booher v. Criswell*, 531 S.W.2d 844 (Tex.Civ.App.—Dallas 1975, no writ); 31 Sw.L.J. 227 (1977). The Plaintiff's first point is overruled.

The next two points, by which the Plaintiff asserts that the agreement between the two Defendants created a partnership as a matter of law, are overruled. The agreement at best was an executory contract to form a partnership in the future and, under the facts, the partnership never came into existence. *Willis v. Harvey*, 349 S.W.2d 323 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.). These points are overruled. The next point, that the trial Court committed error in requiring an election by the Plaintiff between express contract and quantum meruit, is also overruled as being without merit.

The Plaintiff's next point that the Court was in error in not determining that Harwell was liable to the Plaintiff on the theory of quantum meruit is also overruled. Harwell's evidence was that the agreement that the Plaintiff had was with Dunn only. While this was contested by the Plaintiff, the version offered by Harwell was accepted by the trial Court and the point is overruled.

The Plaintiff's final point complains of the failure of the trial Court to award attorney's fees under Article 2226, Tex.Rev.Civ.Stat.Ann., after the trial Court had accepted the Plaintiff's testimony and determined that reasonable attorney's fees for the Plaintiff's attorney were $1,427.80 in the trial Court, and $1,000.00 in the Court of Civil Appeals. The case was tried under the terms of the Statute before the last amendment, which became effective on August 29, 1977. The argument made against the award of attorney's fees that this was not a suit on a sworn account does not prevent this award. Here, the Plaintiff brought himself within that subdivision of the Statute that allows the fees for one with a "valid claim against a person or corporation for services rendered, labor done * * *." Also, the fact that the claim originated out of a written or special contract does not prevent the recovery. Since this was a suit for the recovery of services rendered, questions of whether or not the suit was based on breach of contract or whether the suit was one brought to recover on a special contract are wholly immaterial in determining if an attorney's fees are recoverable. *Huff v. Fidelity Union Life Insurance Company*, 312 S.W.2d 493 (Tex.1958); *Tacker v. Phillips*, 473 S.W.2d 1 (Tex.1971); *Jackson v. Paulsel Lumber Company*, 461 S.W.2d 161 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). The prerequisites for the recovery of the

fees were established here. The trial Court erred in not permitting the recovery as to the Defendant Dunn. The Plaintiff's last point, insofar as it applies to the Defendant Dunn, is sustained.

The judgment of the trial Court is reformed to the extent only that the Plaintiff recover of and from the Defendant Dunn the additional sum of $2,427.80 as reasonable attorney's fees. In all other respects, the judgment of the trial Court is affirmed.

## ON MOTION FOR REHEARING

The Plaintiff, in his motion for rehearing, correctly challenges a statement we made when we overruled the Plaintiff's point regarding his theory of quantum meruit. When the Plaintiff rested, the trial Court granted Harwell's motion for judgment and did not dispose of the point as to quantum meruit as a fact finder. Our statement regarding that point is withdrawn. We are required to review the evidence and the inferences therefrom in the light most favorable to the Plaintiff's contention that liability of Harwell existed under quantum meruit. We have done so and the point is overruled.

The motion for rehearing is overruled.