

# The Attorney General of Texas

August 18, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Ronald Earle
District Attorney
Travis County Courthouse
Austin, Texas 78701

Opinion No. H-1230

Re: Whether a district judge who is eligible for retirement and who has been defeated for reelection may be assigned as a special judge under article 200a, V.T.C.S.

Dear Mr. Earle:

You ask our opinion on whether a district judge who is eligible for retirement but who has been defeated for reelection may be assigned as a special judge under article 200a, V.T.C.S.

Prior to the past regular legislative session, article 200a, section 5a provided for the assignment of retired and regular district judges. There was no provision disqualifying a retired district judge because he had been defeated for reelection. As amended, section 5a now states:

> Retired district judges, as defined by Article 6228(b) of the Revised Civil Statutes of Texas, as amended, who have consented to be subject to assignment, all regular district judges in this state, and all former district judges who were elected at a general election or appointed by the governor; who have not been defeated for reelection; who have not been removed from office by impeachment, the Supreme Court, the governor upon address of the legislature, the State Judicial Qualifications Commission, or by the legislature's abolishment of the judge's court; who are not more than 70 years of age; and who certify to the presiding judge a willingness to serve and to comply with the same prohibitions relating to the practice of law imposed on a retired judge by Section 7, Article 6228(b) of the Revised Civil Statutes of Texas, 1925, as amended or hereafter amended, may be assigned. . . .

(Emphasis added).  The emphasized portion is language added by the amendment.  Your question turns on whether the qualifications imposed by the amendment apply to retired and regular district judges or only to "former" district judges.

The caption to the bill enacting the amendment states that the bill is "[a]n Act relating to active duty, assignment, and compensation of former district judges. . . ."  House Bill 609, Acts 1977, 65th Leg., ch. 115, at 248.  The purpose of the amendment was to add a new group of judges who would be eligible to be assigned under section 5a.  The new group that the amendment added was that of former district judges who meet certain qualifications.  There is no evidence of any legislative intent to alter the requirements of a retired or regular district judge before he may be assigned under this section.  The bill analysis to House Bill 609 refers to the additional qualifications in the amendment only in relation to former district judges and never with reference to retired or regular district judges.

In Attorney General Opinion H-1021 (1977), which dealt with a different aspect of article 200a, we stated:

> Those persons to whom article 200a was already applicable prior to its amendment — "retired" and regular district judges — are not affected by the amendment.  Any "retired" judge who has "consented to be subject to assignment" remains eligible for service.

In recent opinions construing the amendment we have discussed the qualifications imposed by the amendment only with reference to former district judges.  Attorney General Opinions H-1149, H-1145 (1978).  The Court of Criminal Appeals has accepted this construction.  Jackson v. State, 567 S.W.2d 223 (Tex. Crim. App. 1978) (a retired district judge over the age of 70 lawfully assigned to district court).  In our opinion, the recent amendment to article 200a adds a new group of judges to those who may be assigned under section 5a, but it does not alter the requirements for assignment of retired and regular district judges who were eligible for assignment before the amendment.

## SUMMARY

A district judge who is eligible for retirement may be assigned as a special judge under article 200a, V.T.C.S., even though he may have been defeated for reelection.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn