**Billy L. HOWARD, Appellant,**

v.

**Alfred WEISBERG and Eric Weisberg, Appellees.**

**No. 19809.**

Court of Civil Appeals of Texas, Dallas.

June 14, 1979.

Dwain Blakley, Wilson F. Walters & Associates, Denison, for appellant.

Wayne Shirley, Weisberg, Shirley, Bamburg & Weisberg, Denison, for appellees.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

STOREY, Justice.

In this suit for attorneys' fees, the trial court granted plaintiffs' motion for summary judgment on the ground that defendant failed to file an answer in the form required

by Tex.R.Civ.P. 185. Appellant contends that his answer was not required to comply with Rule 185 because plaintiffs' petition did not set out a systematic record of charges and payments as required by the rule. We agree with appellant's contention and reverse and remand.

█ Rule 185 provides in pertinent part: When any action or defense is founded upon an open account or other claim for goods, wares and merchandise . . . or is for personal service rendered . . on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof unless the party resisting such claim shall file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true. . . .

This suit being one for personal services rendered, plaintiffs were required to make affidavit to a systematic record of all charges and payments, entered in regular sequence, before they would be entitled to the benefits of the rule. A statement or invoice must be set forth in the pleadings or incorporated by an attached exhibit which clearly identifies the nature of the item constituting the sworn account. *Juarez v. Dunn*, 567 S.W.2d 223 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). Moreover, general statements contained in an affidavit without description of specific items is insufficient to comply with the rule. *Hassler v. Texas Gypsum Co.*, 525 S.W.2d 53, 55 (Tex.Civ.App.—Dallas 1975, no writ), *Biscamp v. Zeno Carpet Co.*, 473 S.W.2d 218 (Tex.Civ.App.—Beaumont 1971, no writ).

Plaintiffs' suit is for recovery of $3,700.00 for legal services rendered to defendant. The affidavit attached to the petition avers an express contract for legal services for a fee of $6,000.00. Plaintiffs were not con-

tent, however, with a simple suit on the express contract. Instead, they elected to file their petition in the form of a verified account, alleging the "particulars" to be set forth in Exhibit A, which is adopted by reference. Alternatively, plaintiffs pleaded in quantum meruit for services of a reasonable value of $20,000.00, and refer to the same Exhibit A for a description of services rendered; but they do not rely on the quantum meruit plea in support of the summary judgment.

Exhibit A is the affidavit of plaintiff Alfred Weisberg. In narrative form, the affidavit recites an agreement by defendant to pay a fee of $6,000.00 plus costs for representation in a federal court suit against the city of Pottsboro to set aside an annexation ordinance. It also contains recitations concerning settlement efforts, the filing and dismissal of a quo warranto proceeding and other related services. The affidavit concludes that plaintiffs have spent more than four hundred hours prosecuting defendant's claim for which they have been paid $2,300.00. Plaintiffs moved for summary judgment alleging that their suit was predicated on a sworn account as shown by an itemized account attached, and that defendant's answer was defective and insufficient in law to constitute a defense. The trial court rendered summary judgment for the balance of $3,700.00.

The first question to be considered is the sufficiency of itemization in plaintiffs' affidavit. In *Juarez v. Dunn*, 567 S.W.2d 223 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.), the court held that in a suit on an express written contract for architectural services, merely attaching the contract to the petition is insufficient to comply with Rule 185. Rather, a statement or invoice must be set forth in the pleadings or by an attached and incorporated exhibit which clearly identifies the nature of the items constituting the sworn account. 567 S.W.2d at 226. We agree with the conclusion in *Juarez*, but the case left unanswered the question of specificity of itemization required in a suit on an express contract for

personal services. Moreover, as *Juarez* indicated, Rule 185 is not clear on this point. 567 S.W.2d at 226. We believe a proper interpretation of Rule 185, insofar as express personal service contracts are concerned, is that the itemization must show a systematic record of the services performed in a form sufficiently specific to show plaintiff's performance of the contract, or, at least, substantial performance, in order to cast the burden on defendant to specifically deny one or more items or to deny the existence of the entire contract. This reasoning is in accordance with the general rule that Rule 185 be strictly construed. *Hassler v. Texas Gypsum Co.,* 525 S.W.2d at 55; *Wallis v. McGuffey,* 392 S.W.2d 802, 803 (Tex.Civ.App.—Dallas 1965, no writ). *See also* Tomasic and Kieval, Sworn Accounts and Summary Judgment Proceedings in Texas: A Proposed Change, 17 S.Tex.L.J. 147, 157–8 (1976).

■ We recognize that a plaintiff may recover the agreed compensation on an express contract for personal services without alleging the details of his performance and without apportioning the consideration among any of the particular services performed. Nevertheless, if he seeks to invoke Rule 185, he must comply with the provisions of that rule concerning a systematic record of the services performed and an affidavit verifying the details of the services so recorded.

■ In the instant case, the petition fails to show that a systematic record has been kept of plaintiffs' services rendered under their contract of employment. Moreover, the petition and affidavit fail to itemize credits related to those particular services. The petition alleges that defendant paid plaintiffs the sum of $2,300.00. Attached to defendant's first amended answer, however, are photocopies of checks issued by defendant to plaintiffs in amounts exceeding $2,600.00. Rule 185 requires that plaintiffs' petition and accompanying affidavit show not only a systematic record of the services rendered in performance of the express contract, but also itemization of credits related to that contract. To hold otherwise would be to undercut the strict requirements of the rule.

We hold that because plaintiffs' suit was not filed in the form required by Rule 185, defendant's answer was not required to conform to the rule. *Wilson v. Brickstone Products Corp.,* 465 S.W.2d 183, 184 (Tex. Civ.App.—San Antonio 1971, writ ref'd n. r. e.). Defendant's general denial, therefore, put in issue all matters not required to be specially pleaded, including plaintiffs' right to recover. *Biscamp v. Zeno Carpet Co.,* 473 S.W.2d at 220; *Copeland v. Hunt,* 434 S.W.2d 156, 158 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.). Under the circumstances, the granting of summary judgment was improper.

Reversed and remanded.