Homer Kent COFFEE, Appellant,

v.

Giddeon COFFEE et al., Appellees.

No. 1453.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 11, 1979.

Rehearing Denied Nov. 15, 1979.

R. Norvell Graham, Jr., Del Rio, for appellant.

Houston C. Munson, Jr., Gary J. Schroeder, Gonzales, for appellees.

## OPINION

NYE, Chief Justice.

This is a suit brought by Giddeon Coffee (as guarantor) and the Nixon State Bank against Homer Kent Coffee, defendant, seeking to recover the overdue outstanding balance on a promissory note, interest and attorney's fees. The defendant filed a cross-action alleging that he had furnished labor to plaintiff (Giddeon Coffee) in plaintiff's lumber yard, home construction and home improvement business, or in the alternative, that the plaintiff and defendant were partners in such business. Homer Coffee prayed for an accounting and his share of the partnership profits. The trial was before a jury. In response to special issues submitted, the jury found all issues against the defendant. The trial court entered a judgment awarding plaintiff the principal balance due on the promissory note, interest and attorney's fees, plus the additional sum of $650.00, which represented other debts the defendant owed the plaintiff. The defendant appeals.

Our initial problem in this appeal is the manner in which this case has been briefed. It has long been the policy of this Court to indulge in a liberal construction of the briefing rules and to give every effect

possible thereto. *Rio Delta Land Co. v. Johnson*, 566 S.W.2d 710, 713 (Tex.Civ.App. —Corpus Christi 1978, n. r. e.). See our local rules relative to "Briefs" in *Continental Oil Co. v. Dobie*, 552 S.W.2d 183, 187 (Tex.Civ.App.—Corpus Christi 1977, n. r. e.) and Rules 414–422, T.R.C.P. However, we cannot even determine from appellant's brief the nature of the case as it relates to any of the points of error he has brought forward in this appeal. Appellant's brief being such a flagrant violation of the briefing rules, similar briefs in the future will be stricken and ordered re-briefed. See Rule 422, T.R.C.P. The deficiencies of this brief are so evident that even a cursory glance at Rule 418 should have apprised the appellant that his brief, for the most part, was insufficient to meet the minimum standards required. Even after such deficiencies were pointed out by appellee, appellant made no attempt to correct them in a reply brief. See *Wirth, Ltd. v. Panhandle Pipe & Steel Co.*, 580 S.W.2d 58 (Tex.Civ.App.—Tyler 1979, no writ). We will in this case, however, examine the entire record in an effort to understand appellant's case as it was presented during the course of the trial so that we can place in the proper appellate perspective, in so far as possible, the general arguments contained in the only two pages in appellant's brief devoted to the development of his six points of error.

The crux of appellant's complaints, as we understand them, concerns point of error four, the only point of error that the appellant urged during oral argument before this Court. In this point, appellant contends that the trial court "erred in failing to instruct Jury to return judgement (sic) upon Appellant's cross action."

Appellant's "statement, argument and authorities" sections under this point of error state in substance that: 1) appellant filed a cross-action based upon Rule 185, T.R.C.P., for labor he performed for plaintiff; 2) plaintiff filed an unsworn answer in response to the cross-action; and 3) when plaintiff rested his case, appellant made an oral motion for judgment pursuant to his cross-action which was denied by the trial court. Appellant apparently contends that

the trial court committed reversible error by denying this motion because plaintiff (as cross-defendant) failed to file a sworn denial. Therefore, according to appellant's argument, he was entitled to judgment on his pleadings as a matter of law.

■ Rule 185, Texas Rules of Civil Procedure, provides in relevant part, as follows:

"When any action or defense is . . . founded on business dealings between the parties, or is for personal service rendered, *or labor done* or labor or materials furnished, *on which a systematic record has been kept,* and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within knowledge of the affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claims shall, before an announcement of ready for trial in said cause, file a written denial, under oath . . ." (Emphasis added.)

Generally under Rule 185, where a suit is based upon the personal services rendered, a plaintiff should swear to a systematic record of all charges and payments, entered in regular sequence, before he is entitled to the benefits under the rule. In other words, a statement or invoice must be set forth in the pleadings, or by an attached and incorporated exhibit which clearly identifies the nature of the items constituting the sworn account. This is particularly so where it is a suit for personal services. See *Juarez v. Dunn*, 567 S.W.2d 223, 226 (Tex. Civ.App.—El Paso 1978, writ ref'd, n. r. e.); *Glasco v. Frazer*, 225 S.W.2d 633 (Tex.Civ. App.—Dallas 1949, writ dism'd). Rule 185, by its express terms, requires that a claim for labor be supported by a systematic record which has been entered in regular sequence.

■ Appellant's pleadings pertaining to his cross-action allege, in substance, that between the dates of February 1, 1976, and

February 1, 1977, appellant furnished labor to plaintiff in the course of plaintiff's lumber yard, house constructing, and home-improving business; 2) that the furnished labor consisted of 40 hours per week for 52 weeks at the reasonable pay of $8.00 per hour; 3) that plaintiff became indebted to appellant by reason of such labor in the amount of $16,640.00, (the reasonable value of said labor), and 4) that appellant received $6,000.00 from the proceeds of the promissory note on October 22, 1976, for labor furnished from February 1, 1976, to June 1, 1976, leaving an outstanding balance due appellant of $10,640.00. In the alternative, appellant alleged that he became a partner in plaintiff's lumber yard and construction business and that an accounting for the period from February 1, 1976, to February 1, 1977, would show appellant's interest in the partnership to be an amount equal to $20,000.00. In accordance with these allegations, appellant prayed for a judgment in the sum of $10,640.00 for his labor, or in the alternative, $20,000.00 for his share of the partnership profits.

The validity of appellant's contentions are predicated, in part, upon the validity of his assumption that his cross-action pleadings complied with the minimum requirements of Rule 185. Although appellant's cross-action contained an affidavit sworn to and in the form required by Rule 185, the allegations contained in his cross-action are insufficient to bring it within Rule 185 because appellant's cross-action is upon a claim for labor performed and there has been no showing, either in the petition or the accompanying affidavit, that a systematic record pertaining to such labor had been maintained. The nature of such labor is not specifically stated and there is only a general allegation, without further itemization, that labor was performed for 52 weeks at a rate of 40 hours per week. Compare *Juarez v. Dunn,* 567 S.W.2d 223, 226 (Tex. Civ.App.—El Paso 1978, writ ref'd, n. r. e.), and see 2 McDonald, Texas Civil Practice, § 6.30, p. 160 (1970).

The business relationship between appellant and plaintiff underlying appellant's claim for labor was in dispute throughout the trial. Appellant presented evidence tending to support three theories of recovery: 1) a partnership between appellant and plaintiff for the construction of a specific house; 2) a partnership between appellant and plaintiff in plaintiff's entire lumber yard and home-construction business; and 3) an oral contract whereby appellant furnished labor to plaintiff in the conduct of plaintiff's business. Contrary to the statement made in appellant's brief, appellant moved for a directed verdict after both parties had presented evidence pertaining to plaintiff's suit on the note, and not at the close of plaintiff's evidence. Prior to the time appellant moved for a directed verdict, appellant himself had presented evidence which tended to negate his assertion that his cross-action was one within the contemplation of Rule 185.

Plaintiff, who is the uncle of appellant, generally testified that he and appellant had engaged in several informal business transactions in the past. According to plaintiff's theory of the case, the note forming the basis of plaintiff's action against appellant was the personal obligation of appellant and that plaintiff had signed the note as a guarantor. Separate and apart from appellant's obligations pursuant to the terms of the note, plaintiff testified that he and appellant had agreed to a business arrangement whereby plaintiff obtained the financing to purchase three lots and to construct a home on the lots in consideration for appellant's agreement to provide the labor in building the home. Plaintiff testified in substance that the parties had agreed to share equally the profits they anticipated would result upon the sale of the home, but that after the construction had been completed, the parties were unable to obtain a purchaser. Thereafter, plaintiff testified that he was unable to find the appellant.

Plaintiff generally further testified that he had borrowed $12,000.00 toward financing the construction of the home, and when these obligations became due, he had the home appraised through a bank as a prerequisite for borrowing money to pay off the

purchase money and construction loan. The home was appraised at a value of $16,-000.00, which represented $4,000.00 total profit over the $12,000.00 cost. Because the note which plaintiff had signed as guarantor also became due, plaintiff testified that he paid $2,000.00 to the bank, representing appellant's portion of the profit. Thereafter, plaintiff stated he paid the remaining outstanding balance plus interest due on the note, and then filed suit seeking to recover the original principal sum due on the note, less the $2,000.00 payment representing appellant's portion of the profit on the home.

At the close of the testimony, the trial judge submitted a charge to the jury which presented each of appellant's three theories of recovery on his cross-claim. Based upon the jury's answers to these special issues, it was evident that the jury did not believe appellant's theory of the case. The trial court entered judgment denying recovery on his cross-action.

We have examined the entire record in this case and have considered each of appellant's points of error as best we can under the record before us. We conclude that each is without merit. The judgment of the trial court is therefore affirmed.