**BROWN ELECTRIC CONTRACTORS,
INC., Appellant,**

**v.**

**Gordon KELLY and Lake Air Pools,
Inc., Appellees.**

**No. 13013.**

Court of Civil Appeals of Texas,
Austin.

Feb. 20, 1980.

James L. Carroll, Carroll, Carroll & Brown, Temple, for appellant.

Jerry P. Campbell, Naman, Howell, Smith, Lee & Muldrow, Waco, for appellees.

SHANNON, Justice.

Appellant Brown Electric Contractors, Inc. sued appellee Lake Air Pools, Inc. and Gordon Kelly for $878.16 in the district court of Bell County. Appellant's suit arose concerning charges for electrical work in the construction of a swimming pool for Kelly. Upon trial to the court, a take nothing judgment was entered. We will affirm the judgment.

Appellant pleaded generally that appellee contracted with Kelly to construct a swimming pool in Temple and that appellee requested appellant to provide the necessary labor and materials "for the wiring of the swimming pool." Appellant alleged that it "performed all conditions precedent to the contract and all conditions precedent have occurred." Appellant prayed for entry of a joint and several judgment against appellee and Kelly.

Appellant's petition contained no allegations usually associated with a pleading invoking the benefits of Tex.R.Civ.P. 185; nevertheless, appellant's petition was supported by an affidavit of appellant's president stating that ". . . the attached document is within the knowledge of affiant, just and true, that it is due and that all just and lawful offsets, payments and credits have been allowed . . ." The transcript shows the "attached document" to be appellant's work order, the entries on which are totally illegible.

Appellee's trial pleading was a general denial. Prior to trial, appellant took a nonsuit of its claim against Kelly.

After proving attorney's fees, appellant moved for judgment upon the basis that its sworn pleading and attached exhibit made a *prima facie* case under Tex.R.Civ.P. 185, and that because appellee had not denied the account in the manner required by Rule 185, appellee should not be permitted to present evidence. The district court denied appellant's motion and allowed appellee to offer proof.

Appellee's proof indicated that appellee did not agree to pay appellant for the electrical work, nor did appellee benefit from appellant's work. Appellee's evidence tended further to show that it was Kelly's obligation to install and connect electrical service to the pumps and lights at the pool.

Upon request, the district court filed findings of fact and conclusions of law. The court found that appellant *failed to prove* that: (1) appellee contracted with appellant to do the electrical work; (2) appellee agreed to pay appellant for the electrical work; (3) appellee received the benefit of the work; (4) appellee agreed with Kelly to pay appellant for the work; (5) appellee contracted with Kelly to pay appellant for the work. The court concluded that appellee was not liable to appellant for the electrical work. Because appellant did not attack any of the court's findings, they stand subsisting and unchallenged.

Appellant grounds its appeal upon one point of error: that the court erred in allowing appellee to offer proof since appellee did not deny the account in the manner required by Rule 185.

■ In an action for personal services rendered or labor done or labor or materials furnished, a party must swear to a systematic record of all charges and payments, entered in regular sequence, *before he is entitled to the benefits of Rule 185.* Stated another way, the party must set forth in his pleading a statement or invoice or attach and incorporate such statement or invoice as an exhibit which clearly identifies the nature of the items constituting the sworn account. *Juarez v. Dunn,* 567 S.W.2d 223 (Tex.Civ.App.1978, writ ref'd n. r. e.); *Coffee v. Coffee,* 589 S.W.2d 507 (Tex.Civ.App. 1979, no writ).

■ An examination of appellant's petition discloses that it contains no allegations showing that appellant maintained a systematic record pertaining to labor done or materials furnished. Reference to the exhibit attached to the petition is no more illuminating. The exhibit is appellant's work order. Handwritten marks appear on the work order, but none are legible. As matters stand in the transcript, it surely may be asserted that the exhibit attached to the petition does not demonstrate that appellant maintained a systematic record of labor done or materials furnished.

Should appellant's work order, which was introduced into evidence and which is legible, be consulted, it likewise would not show that appellant maintained a systematic record of labor done or materials furnished. Only the phrase, "Labor & Materials," appears on the work order along with the sum due of $878.16. That entry did not reveal to appellee or the district court the amount or nature of the labor done; the amount or nature of the materials furnished; the date that such labor was performed or the material furnished; the charge for labor; and the charge for materials. *Juarez v. Dunn, supra.*

Because appellant's pleading did not entitle it to the benefits of Rule 185, appellee's general denial was sufficient to place in issue all material facts with regard to

appellant's claim, including its right to recover. *Biscamp v. Zeno Carpet Company,* 473 S.W.2d 218 (Tex.Civ.App.1971, no writ). Appellant's point of error is overruled.

The judgment is affirmed.

Affirmed.

SMITH, J., not sitting.