**Milton I. FAGIN, Appellant,**

v.

**James CRAIG, Appellee.**

**No. 6182.**

Court of Civil Appeals of Texas, Waco.

Jan. 15, 1981.

Rehearing Denied Feb. 19, 1981.

Alfred W. Offer, San Antonio, for appellant.

Sylvan R. Alter, Warren Weir, Gochman & Weir, San Antonio, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Fagin from a take-nothing judgment in a suit for alleged balance of a debt for attorney's fees.

Plaintiff Fagin, an attorney, sued defendants James Craig (and wife Ardith Craig)[1] alleging that on August 9, 1974, defendants employed plaintiff in San Antonio, to represent Bobby Dean Schwalk on criminal charges pending in Dallas; that on September 9, 1974 defendants paid plaintiff $1500 retainer to start the case; that on December 13, 1974, plaintiff performed all the terms of his employment pertaining to the representation of Schwalk in Dallas; that on December 13, 1974, defendants were submitted a final bill in the sum of $15,000 for services rendered in connection with Schwalk, such bill being credited with $1500 retainer previously paid, leaving a balance due and owing of $13,500; that on March 18, 1975 defendants paid plaintiff $1,000; that on April 15, 1975 defendants paid plaintiff $1,000; that on May 6, 1975 defendants paid plaintiff $1,000; that on May 28, 1975 defendants paid plaintiff $1,000; that on July 16, 1975 defendants paid plaintiff $1,000; that on August 1, 1975 the balance owed and due plaintiff was $8,500 which defendants have refused to pay. Plaintiff sought judgment of $8,500 plus attorney's fees. Plaintiff's pleadings were sworn to.

Defendant answered by sworn pleading, denying that he employed plaintiff in San Antonio on August 9, 1974, or at any other time or place, to represent Bobby Dean Schwalk.

Trial was to a jury which found:

1) On August 9, 1974, defendant James R. Craig employed Milton I. Fagin to represent his nephew Bobby Dean Schwalk on criminal charges in Dallas County.

2) "What sum of money, if any, do you find defendant James R. Craig agreed to pay for legal services to Milton I. Fagin inquired about in Issue 1?

"Answer: $0.00"

3) Fagin has been paid to date $6,500 for legal services for representing Bobby Dean Schwalk in Dallas County.

4) Found as reasonable attorney's fees for plaintiff: a) $4,950 for trial court; b) $2,500 for Court of Civil Appeals; c) $2,300 for Supreme Court.

Plaintiff filed Motion for Instructed Verdict at the conclusion of the evidence; and Motion for Judgment Non Obstante Veredicto requesting the court to disregard the answer to Issue 2 and grant judgment for plaintiff; which motions were overruled.

Defendant filed motion for judgment on the verdict, which the trial court granted and rendered judgment plaintiff take nothing.

Plaintiff appeals on 9 points summarized by us as presenting 3 main contentions.

1) The trial court erred in overruling plaintiff's motion for instructed verdict.

2) The trial court erred in overruling plaintiff's motion for judgment non obstante veredicto because as a matter of law the finding in Issue 1 and the finding in Issue 3 precludes the jury's answer to Issue 2 and requires judgment for plaintiff for $8,500.

3) The trial court erred in rendering judgment for defendant because there is no evidence and/or insufficient evidence to support the jury's finding in Issue 2, and such finding is against the great weight and preponderance of the evidence.

In August 1974 defendant Craig, a geologist who also built houses, was married; lived in Ponca City, Oklahoma; the Craigs were married in 1957 and divorced in September 1975; Mrs. Craig handled the money and correspondence; on August 6, 1974, Bobby Schwalk was in the Bexar County jail in San Antonio for not paying 2 motel bills; Schwalk's wife was Craig's niece; Mrs. Schwalk and their 3 children were in San Antonio; Mrs. Schwalk called the San Antonio Bar Referral and was referred to plaintiff Fagin; she called him and told him her husband was in jail; that she had no money; plaintiff told her he would not represent Schwalk because there was no money; Mrs. Schwalk then telephoned Craig (her uncle); on August 7, 1974, Craig telephoned plaintiff and plaintiff advised him of the charges against Schwalk; that to get

[1]. Ardith Craig was subsequently dismissed from the case.

the charges dismissed about $2,300 was needed; $1500 for plaintiff's fee and $500 for restitution for the motel bills; Craig, his wife and Mrs. Schwalk's parents drove to San Antonio; Craig visited Schwalk at the jail where it was agreed Schwalk would go to work for Craig as a carpenter; Craig paid the money for restitution; and Schwalk was to be released when it was discovered there was a "hold" on him for felony charges in Dallas. Craig paid the $1500 attorney's fees (which included a bond fee for Schwalk's Dallas charges).

Plaintiff testified Craig hired him that day (August 9) to represent Schwalk on the Dallas charges; that he commenced work on the Dallas charges; made 4 or 5 trips to Dallas; hired an investigator to assist him; in September he asked Craig for $1500 to apply on his services; received a check from Craig's wife for the $1500 and a check for $500 to pay the investigator; received $5,000 from Craig's wife to make restitution in the Dallas charges; during this time Schwalk was working for Craig; plaintiff secured dismissal of 2 cases against Schwalk and upon a guilty plea Schwalk received 2 years probation in a 3rd case; after conclusion of the cases plaintiff presented a bill to Craig for $15,000 (with credit for $1500); that thereafter plaintiff received 5 payments of $1,000 each from Craig's wife, reducing the balance owed to $8,500; that the last payment was made in July 1975; Schwalk worked for Craig until latter 1975; that on numerous occasions Craig told him to do whatever was necessary and "I will take care of the charges"; plaintiff demanded payment of the $8,500 by mail-o-gram in December 1975, and Craig responded with a telegram "Sue".

Craig testified he assumed Schwalk had hired plaintiff to defend him in the Dallas charges; that he, Schwalk and plaintiff met after resolution of the Dallas charges and plaintiff gave Schwalk a bill for his services; that Craig was shown the bill by Schwalk; that he heard Schwalk tell plaintiff "he would dig ditches if he had to, to pay the bill"; that he had advanced Schwalk the $5,000 to make restitution; that he took notes from Schwalk for other moneys paid out on him; that he was not responsible for Schwalk's debts; that he advanced Schwalk the $6,500 which was sent plaintiff; that Craig never employed plaintiff to do anything.

The jury, as noted, found that defendant had employed plaintiff to represent Schwalk; but had not agreed to pay him any money.

■ Despite the fact that plaintiff swore to his pleading, his petition was insufficient in its itemization to entitle him to the benefits of Rule 185 TRCP, and defendant's general denial was sufficient to put in issue all issues in this case. *Juarez v. Dunn*, CCA (El Paso) NRE, 567 S.W.2d 223.

■ The jury found, as noted, that defendant had employed plaintiff to represent Schwalk; but had not agreed to pay him any sum of money. No further issues being requested by plaintiff (of other possible causes of action i. e. reasonable value of the services etc.), he has waived recovery on such causes by failing to request a special issue on such causes. Rule 279 TRCP.

Contentions 1 and 2 are overruled.

■ From the record as a whole we think the jury's answer to Issue 2 is supported by ample evidence and that such finding is not against the great weight and preponderance of the evidence. Craig testified he did not employ plaintiff; that he never agreed to pay him anything; that he advanced money to Schwalk to take care of his problems because he felt sorry for his 3 children and his wife was his niece. And plaintiff testified Craig did not agree to pay him any specific sum of money on August 9, 1974. *In re King's Estate*, S.Ct., 244 S.W.2d 660.

Contention 3 is overruled.

All plaintiff's points have been considered and are overruled.

AFFIRMED.