Gary JONES, d/b/a Woodstock
Enterprises, Appellant,

v.

BEN MAINES AIR CONDITIONING,
INC., Appellee.

No. 8888.

Court of Civil Appeals of Texas,
Texarkana.

June 30, 1981.

Lynn S. Patton, Fisher, Patton & Nix, Longview, for appellant.

Richard E. Miller, Longview, for appellee.

CORNELIUS, Chief Justice.

Ben Maines Air Conditioning, Inc. brought this suit against Gary Jones as a sworn account to recover the cost of furnishing and installing certain air conditioning equipment in a residence. Jones was employed as general contractor to construct the residence for Mr. and Mrs. Derby, who were not parties to the suit. Ben Maines was engaged to provide and install the air conditioning and heating equipment. Maines was originally contacted by the Derbys, rather than by Jones. Jones never held title to the property in question, and performed his services pursuant to a mechanic's and materialman's lien contract. Ben Maines invoiced Jones for the air conditioning and heating equipment as the installation progressed. Copies of three invoices, totaling $2,079.00, were attached to Maines' original petition. Jones and Ben Maines had no written contract, and Jones testified that he had no specific agreement with Maines to pay for the work done, although it was undisputed that Jones was the general contractor, and he never testified or asserted that the air conditioning and heating work was excluded from his general contract to construct the residence and furnish all materials for the construction. Jones inspected the air conditioning and heating work and materials as they were furnished and installed.

Jones answered by a sworn general denial. It was not in the form provided by Tex.R.Civ.P. 185, and therefore will not overcome the prima facie case of sworn account made by a properly verified account. *Wilson v. Browning Arms Company*, 501 S.W.2d 705 (Tex.Civ.App.-Houston [14th Dist.] 1973, writ ref'd). In a non-jury trial, the trial court rendered judgment for Ben Maines for $2,079.00, together with interest and attorney's fees.

Jones assigns three points of error which raise two general contentions. His first argument is that the pleadings filed by Ben Maines did not allege a systematic record of all charges and payments sufficient to comply with the sworn account rule, Tex. R.Civ.P. 185. The provisions of Rule 185 that an allegation of a systematic record of all charges and payments be made requires that the plaintiff must set forth in his pleading a statement or invoice, or attach and incorporate such statement or invoice as an exhibit, which clearly identifies the nature of the items constituting the sworn account. *Brown Electric Contractors, Inc. v. Kelly*, 595 S.W.2d 610 (Tex.Civ.App.-Austin 1980, no writ); *Coffee v. Coffee*, 589 S.W.2d 507 (Tex.Civ.App.-Corpus Christi 1979, no writ); *Juarez v. Dunn*, 567 S.W.2d 223 (Tex.Civ.App.-El Paso 1978, writ ref'd n.r.e.). The systematic record of labor or materials furnished must clearly identify the amount or nature of the labor done or of the materials furnished, the date that such labor was performed or materials furnished, the charge for the labor, and the charge for materials. *Brown Electric Contractors, Inc. v. Kelly*, supra. The invoices in this case do not meet the required standards. The description of materials used and amounts charged therefor are as follows:

| "Date | Material Used | Amount |
|-------|---------------|--------|
| 11/29/77 | Draw for rough in duct work on Derby's job | $ 650.00 |
| 6/19/78 | Draw for equipment and labor on Derby job | 1229.00 |
| 6/26/78 | Final Draw on Derby job | 200.00" |

There is no separate charge on the invoices for labor. Neither is there a sufficient itemization of the materials furnished and the charges therefor. General statements contained in an affidavit without description of specific items are insufficient to comply with Rule 185. *Howard v. Weisberg*, 583 S.W.2d 920 (Tex.Civ.App.-Dallas 1979, no writ); *Hilton v. Musebeck Shoe Company, Inc.*, 505 S.W.2d 341 (Tex.Civ. App.-Austin 1974, writ ref'd n.r.e.).

Maines asserts, however, that it proved its account at common law even without the evidentiary effect afforded by Rule 185, and that the judgment should therefore be affirmed.

■ When plaintiff's suit on a sworn account does not sufficiently describe the items of merchandise sold and the defendant's answer is not such a denial as contemplated by Rule 185, but neither party excepts to those defects, the pleadings are neutralized and the plaintiff must prove his case as at common law. *Dockrey v. Higginbotham Bartlett Co.*, 493 S.W.2d 254 (Tex. Civ.App.-Eastland 1973, no writ).

■ The essential elements of a common law cause of action on account are (1) a sale and delivery of the merchandise; (2) that the amount of the account is just, that is, that the prices are charged in accordance with agreement or in the absence of an agreement, they are the usual, customary and reasonable prices for that merchandise; and, (3) that the amount is unpaid. *Texas Hauling Contractors v. Rose Sales Co.*, 565 S.W.2d 240 (Tex.Civ.App.-Corpus Christi 1978, no writ); *Blue Bell, Inc. v. Isbell*, 545 S.W.2d 563 (Tex.Civ.App.-El Paso 1976, no writ); *Parker v. Center Grocery Company*, 387 S.W.2d 903 (Tex.Civ. App.-Tyler 1965, no writ). Maines pleaded that it sold the goods and services to Jones, that Jones accepted them, that the price stated for the goods was reasonable, fair and customary and that the account was unpaid. Ben Maines, its principal stockholder, testified that the amount charged for the equipment was just and true, was due and unpaid, and that all lawful payments, offsets and credits had been allowed.

Maines also testified that he had done other work for Jones prior to and concurrently with the work on the Derby home. Jones did not dispute the fact that Maines did the work and had not been paid, but insisted that any agreement for Maines to do the work was between Maines and Derby and that there was no agreement between him and Maines.

■ Only one request was made for findings of fact and conclusions of law and none was filed. In that case the judgment of the trial court must be affirmed if there is sufficient evidence of probative force to support the judgment upon any theory authorized by law, and it will be presumed that the trial court found all necessary facts in support of the judgment. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950); 4 McDonald's, Texas Civil Practice § 16.10 (1971).

■ Jones insists that there was no relationship established between him and Ben Maines which will support a judgment on the theory of common law account. He argues that Ben Maines' dealings were with the homeowners, and since there was no express contract between him and Maines, and since he had no title to the house, there was no transaction creating a debtor/creditor relationship between them. There is, however, evidence to support an implied finding of sale and delivery of the goods and services to Jones. First, Jones was the general contractor and Ben Maines in effect was the subcontractor for the heating and air conditioning. Second, there is evidence of a prior course of dealings between the parties where Jones had been contractor and Ben Maines had subcontracted the air conditioning and heating work on previous jobs. See *Wilson v. Clarke Floor Machine Company*, 380 S.W.2d 768 (Tex.Civ.App.-Eastland 1964, no writ). And third, the equipment was installed over a period of time as the construction progressed, with Jones inspecting and approving the work, and making no contention that he was not responsible as the general contractor for the

labor and equipment furnished. There is no evidence that he ever questioned the invoices as he received them or made any indication that he would not be responsible for their payment until after the work had been completed. A defendant is liable for goods if they are received and appropriated to his use and were of the value specified in the account, even if he did not order them. See 13 Tex.Jur.2d Contracts § 5, pp. 116, 117, and authorities there cited. The evidence summarized heretofore is sufficient to support the trial court's implied finding that Jones agreed to pay for the goods and services.

The judgment is affirmed.