IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00081-CV

 

Site Work Group, Inc.

and Richard C. Waller,

                                                                      Appellants

 v.

 

Chemical Lime LTD,

                                                                      Appellee

 

 

 



From the County Court at Law No.
3

Tarrant County, Texas

Trial Court No. 2004-22664

 



Opinion



 

Chemical Lime, Ltd sued Site Work
Group, Inc. (“SWG”) and its two individual guarantors, Richard Waller and Raymond
Smith, on a sworn account.[1] 
Chemical Lime filed a traditional motion for summary judgment, and the trial
court granted the motion.  SWG and Waller (“Appellants”) appeal, arguing that summary
judgment was not proper because they raised a fact issue.

We will affirm the judgment.

BACKGROUND

SWG was a subcontractor in the
construction of a new sanctuary for the Unity Church of Christianity in Houston, Texas (the “Project”).  Chemical Lime supplied SWG with lime and related materials
for the Project on a credit account.  Waller and Smith personally guaranteed
all amounts due to Chemical Lime.  SWG allegedly notified Chemical Lime on at
least two occasions that the Project was tax-exempt.  Chemical Lime charged
sales tax on the materials it supplied.  After demand by Chemical Lime, SWG failed
to pay the amounts due to Chemical Lime.  Chemical Lime sued SWG for failure to
pay the account, breach of contract, and quantum meruit, and it sued Waller and
Smith for breach of guaranty.  SWG and Waller filed a general and verified
denial that each and every item in the statement of the account is not just or
true.  Chemical Lime’s traditional motion for summary judgment was granted.

SUMMARY JUDGMENT

Standard of Review

We review the decision to grant or
deny a summary-judgment motion de novo.  See Rucker v. Bank One Texas, N.A., 36 S.W.3d 649, 653 (Tex. App.—Waco 2000, pet. denied).  The standards for
reviewing a traditional motion for summary judgment are well established.  Nixon
v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  The movant has
the burden of showing that no genuine issue of material fact exists and that he
is entitled to the summary judgment as a matter of law.  American Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Ash v. Hack Branch
Distributing Co., 54 S.W.3d 401, 413 (Tex. App.—Waco 2001, pet. denied). 
The reviewing court must accept all evidence favorable to the non-movant as true. 
Nixon, 690 S.W.2d at 549; Ash, 54 S.W.3d at 413.  Every
reasonable inference must be indulged in favor of the non-movant and all doubts
resolved in its favor.  American Tobacco, 951 S.W.2d at 425; Ash,
54 S.W.3d at 413.  The non-movant need not respond to the motion for summary
judgment unless the movant meets its burden of proof.  Rhone-Poulenc, Inc.
v. Steel, 997 S.W.2d 217, 222-23 (Tex. 1999).  But if the movant meets its
burden of proof, the non-movant must present summary-judgment evidence to raise
a fact issue.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

Relevant Law








A defendant’s verified denial of the
correctness of a plaintiff’s sworn account, in the form required by Rule 185,
destroys the evidentiary effect of the itemized account and forces the
plaintiff to put on proof of its claim.  Rizk v. Fin. Guardian Ins. Agency,
Inc., 584 S.W.2d 860, 862 (Tex. 1979).  The essential elements of a cause
of action on an account are (1) a sale and delivery of the goods; (2) that the
amount of the account is just, that is, that the prices are charged in
accordance with an agreement or in the absence of an agreement, they are the
usual customary and reasonable prices for those goods;[2]
and (3) that the amount is unpaid.  Jones v. Ben Maines Air Conditioning,
Inc., 621 S.W.2d 437, 439 (Tex. App.—Corpus Christi 1981, no writ).

State sales tax is imposed on the
sale of each taxable item in Texas.  Tex.
Tax Code Ann. § 151.051(a)
(Vernon 2002).  A taxable item includes tangible personal property.  Id. § 151.010 (Vernon 2002).  All gross receipts of a seller are presumed to be
subject to sales tax unless a properly completed resale or exemption
certificate is accepted by the seller.  Id. § 151.054(a) (Vernon 2002). 
A properly completed resale or exemption certificate should be in the
possession of the seller at the time the nontaxable transaction occurs.  Id. § 151.054(e).  A seller who makes a sale subject to sales tax must add the
amount of the tax to the sales price, and when the amount of the tax is added,
it becomes a part of the sales price.  Id. § 151.052(a)(1) (Vernon 2002).

Arguments

Appellants argue that they raised a
genuine issue of material fact as to the justness of the amount of the account. 
They argue that the affidavit by Waller states that he notified Chemical Lime
on at least two occasions of the tax-exempt status of the Project; and thus, the
amount of the account is unjust because sales tax was charged.  Appellants also
argue that they were not required to prove the tax-exempt status of the Project
by providing a tax-exemption certificate as summary-judgment evidence.

Chemical Lime argues that Appellants
failed to present any summary-judgment evidence that anyone ever provided
Chemical Lime a tax-exemption certificate.

Analysis

The burden in this summary judgment
proceeding was first on Chemical Lime to show that there were no genuine issues
of material fact and that it was entitled to the summary judgment as a matter
of law.  See American Tobacco, 951 S.W.2d at 425; Ash, 54 S.W.3d at
413.  The affidavit provided by Chemical Lime’s credit analyst provides
evidence that the sales prices of the materials were reasonable, and the usual
and customary prices for such materials.  See Jones, 621 S.W.2d
at 439.  Thus, Chemical Lime met its burden to prove that the amount of the
account is just.[3]  The
burden then shifted to Appellants to present summary-judgment evidence to raise
a fact issue.  See Siegler, 899 S.W.2d at 197.  To not charge sales tax
on Appellants’ account, Chemical Lime was required to have an exemption
certificate at the time of the transaction.  See Tex. Tax Code Ann.
§ 151.054(a), (e).  Appellants’ burden was not to prove the tax-exempt status
of the Project, but was to present summary-judgment evidence to bring a fact
issue relating to whether or not they provided Chemical Lime with a
tax-exemption certificate.  We find Appellants failed to meet their burden.  See
Siegler, 899 S.W.2d at 197.

We overrule Appellants’ issue.

CONCLUSION

Having overruled Appellants’ issue, we
affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Affirmed

Opinion delivered and
filed July 27, 2005

[CV06]









    [1]       Smith
did not respond to Chemical Lime’s summary judgment motion and is not involved
in this appeal.





    [2]       This
is the only element at issue in this appeal.





    [3]       The
amount added for sales tax being required by statute.  Tex. Tax Code Ann. § 151.051(a).